[Crim. No. 10555.   Second Dist., Div. Two.   Feb. 7, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE EDWARD FORD, Defendant and Appellant.

Richard R. Mainland, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Ford was convicted in Los Angeles of possession of heroin (Health & Saf. Code, § 11500) on Janu-

ary 30, 1962. Proceedings were suspended, and probation was granted for five years on condition that the first year be spent in the county jail.

On March 30, 1964, Ford pleaded guilty to a charge of second degree burglary in a Riverside court and was sentenced to prison.

On July 20, 1964, Ford pleaded guilty in federal district court to a violation of 26 United States Code section 4724(c) (possession of narcotics) and was sentenced to five years in state prison.

On October 23, 1964, Ford was sentenced to prison on his 1962 Los Angeles heroin conviction, probation having been previously revoked on May 22, 1964. The sentence was ordered to run concurrently with any existing sentence.

Ford appeals from the order of the Los Angeles court revoking his probation and imposing a state prison sentence. (*People* v. *Robinson*, 43 Cal.2d 143 [271 P.2d 872].) He contends that, under Penal Code, section 1203.2a, the Los Angeles court lost jurisdiction to revoke his probation and sentence him.

The pertinent parts of section 1203.2a read: ''If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have juristiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant, *on the request of the defendant made through his counsel, or by himself in writing,* if such writing is signed in the presence of the warden or superintendent of the prison in which he is confined *or the duly authorized representative* of the warden or superintendent, and such warden or superintendent or his representative attests both that the defendant has made and signed such request and that he states *that he wishes the court to impose sentence in the case in which he was released on probation, in his absence and without his being represented by counsel.*

''The probation officer may, upon learning of such defendant's imprisonment, and *must within 30 days after being notified in writing by the defendant or his counsel,* or the warden or supertintendent *or duly authorized representative* of the prison in which the defendant is confined, report such commitment to the court which released him on probation.

''. . . If sentence has not been previously imposed and if the defendant has requested the court through counsel or in

writing *in the manner herein provided* to impose sentence in the case in which he was released on probation in his absence and without the presence of counsel to represent him, the court shall impose sentence. . . . If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days *after defendant has, in the manner prescribed by this section, requested imposition of sentence.*

". . . In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case." (Italics added.)

█ Appellant's contention is that the probation officer learned that appellant was in state prison and failed to report the commitment to the court within 30 days, and as a consequence the court lost jurisdiction to sentence him.

Assuming a sufficient factual basis for appellant's claim, it fails because the 30-day period does not begin to run until a proper notification in writing is received by the probation officer for transmission to the court. If sentence has previously been imposed, all that is required is that the defendant, his counsel, or a prison representative notify the probation officer of the second commitment, the probation officer notify the court within 30 days, and the court issue its commitment order or order terminating jurisdiction over the defendant within 30 days. But if sentence has not previously been imposed, the notification must include the defendant's request that sentence be imposed in the case and his statement that it may be imposed in his absence and without representation by counsel. (Pen. Code, § 1203.2a.) The purpose of the provision is to give defendants the immediate benefit of the section and avoid the delay and expense of hearings on sentence which serve no useful purpose. (Witkin, Cal. Crimes., Supp. § 1084.) If a request for sentence is not made in the manner prescribed by the section, the probation officer may report the commitment to the court but he is not required to do so.

Appellant refused to sign a request that he be sentenced in his absence and without counsel, and the case file and probation reports (hereby made a part of the record on the motion of both parties) show that he was adamant in his refusal to do so. Since he made no request under the statute, the

30-day period did not begin to run, the court did not lose jurisdiction, and its order revoking probation and imposing sentence was proper.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.