[Crim. No. 12330.   Second Dist., Div. Five.   July 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND ROGERS, Defendant and Appellant.

Velma Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard H. Cooper, Deputy Attorney General, for Plaintiff and Respondent.

FRAMPTON, J. pro tem.*—The defendant was charged by information number 284070 filed by the District Attorney of Los Angeles County on January 27, 1964, with two counts of burglary alleged to have been committed on December 29, 1963, and on January 7, 1964, respectively. He was also charged with having suffered three prior convictions of felony, two for burglary and one for robbery, and that he had served a term of imprisonment upon each of such prior convictions. A motion to set the information aside pursuant to the provisions of section 995 of the Penal Code was denied, whereupon he entered pleas of not guilty and not guilty by reason of insanity, and denied the truth of the allegations of prior convictions of felony.

On April 20, 1964, he withdrew his pleas formerly made and entered a plea of guilty to burglary of the second degree as to each count in the information, and waived his right to trial by jury as to the priors. A probation report was ordered, and time for the pronouncement of judgment was waived. On June 4, 1964, proceedings were suspended and the defendant was placed on probation for the period of five years on the condition, amongst others, that he spend the first six months

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

of his probationary period in the county jail. No finding was made upon the prior convictions.

The defendant was subsequently charged by information number 296364, filed by the District Attorney of Los Angeles County, with burglary in two counts, alleged to have been committed on October 28 and 29, 1964, respectively. On January 7, 1965, the defendant was adjudged guilty as to each count and the degree was fixed as second degree. Four prior felony convictions alleged in the information were found to be true. A probation report was ordered and a hearing on the application was set for February 3, 1965. The report of the probation officer filed in connection with the hearing bears the superior court file numbers 296364 and 284070. The report concludes with the recommendations that in case number 284070, probation be revoked and sentence imposed, and in case number 296364 probation be denied. The record discloses that the trial judge read and considered this report. The reporter's transcript of the proceedings relating to case number 296364 discloses that probation was denied and the defendant was sentenced to state prison on both counts. The sentence imposed under count two of the information was ordered to run concurrently with the sentence imposed under count one thereof. The reporter's transcript as well as the clerk's minutes disclose that the matter of the defendant's violation of probation, in case number 284070 was on the calendar for hearing on February 3, 1965, in the same court room and before the same judge who was to hear the application for probation and who was to pass judgment and sentence in case number 296364. On this occasion the defendant was represented in both proceedings by Deputy Public Defender R. Mainer. The trial judge was aware from the record in case number 296364 that the defendant, while on probation in case number 284070, had committed two burglaries; had been convicted thereof, and had been sentenced to state prison thereon. The record in the trial court at this point as to the proceedings had in relation to case number 284070 is not consistent. The clerk's minutes disclose that the trial judge found the defendant to be in violation of the terms of his probation, ordered probation revoked, and sentenced the defendant to state prison, the sentences to run concurrently with the sentences pronounced in case number 296364. The trial judge failed, however, to specify in the judgment in case number 284070 whether the sentences should run concurrently or consecutively with each other. Assuming this to be a valid

judgment, in the absence of such specification, the sentences on counts one and two are made to run concurrently with each other by operation of law. (Pen. Code § 669.) On the other hand, the reporter's transcript of the proceedings on February 3, 1965, discloses that no order revoking probation was made.

On May 16, 1965, the defendant, then in state prison, addressed a letter to the trial judge wherein, amongst other things. he directed attention to the error stating: "that no formal revocation of probation order was ever made, formulated, or issued, in the above entitled cause.

"Will you please advise me if the court wishes to issue Writ of Coram Vobis in the above cause in order that the Record can be corrected, or what action I should take to achieve that end."

A response was made to this letter by the county clerk under date of June 1, 1965, wherein he told the defendant in substance that the records of his commitment appeared to be correct. On January 19, 1966, the court made an order directed to the sheriff to transport the defendant from state prison for his appearance on February 2, 1966, for a hearing on his "Writ of Coram Nobis and/or Writ of Error Coram Vobis, and motion to vacate judgment." On February 2, 1966, the hearing was continued to February 9, 1966. The points urged at the hearing were that the court had erred in not advising the defendant at the time of the proceedings had on February 3, 1965, that he had a right to a formal hearing with counsel, on the charge of violation of probation; that the court failed to hold such a hearing, and that the court erred in not pronouncing a formal order revoking probation before pronouncing judgment and sentence. The trial judge conceded that he had committed error in the proceedings of February 3, 1965, although it is not clear whether such concession related to all of the above claims of error or only to some of them. On February 9, 1966, the trial court granted the motion to set aside the judgment and thereupon ordered the judgment and sentence pronounced on February 3, 1965, in case number 284070, vacated in order that the defendant could be heard on the question of his having violated the terms of his probation. Counsel was appointed to represent the defendant on such hearing; a supplemental probation report was ordered, and the hearing thereon was set for February 21, 1966.

On February 21, 1966, the defendant, through his counsel, moved to dismiss the information upon the grounds that the

court had lost jurisdiction to proceed in the matter by reason of the provisions of section 1203.2a of the Penal Code.[1] The reasoning advanced in support of this motion appears to be that the trial court had actual notice of the judgment and sentence pronounced in case number 296364, and that it had

[1]"If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant, on the request of the defendant made through his counsel, or by himself in writing, if such writing is signed in the presence of the warden or superintendent of the prison in which he is confined or the duly authorized representative of the warden or superintendent, and such warden or superintendent or his representative attests both that the defendant has made and signed such request and that he states that he wishes the court to impose sentence in the case in which he was released on probation, in his absence and without his being represented by counsel.

"The probation officer may, upon learning of such defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his counsel or the warden or superintendent or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him on probation.

"Upon being informed by the probation officer of the defendant's confinement or upon receipt from the warden, superintendent or duly authorized representative of any prison in this State of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he was released on probation in his absence and without the presence of counsel to represent him, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over the defendant in the case within 30 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted and if the defendant is then in a state prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the court shall order that the sentence for the prior offense shall commence upon termination of the sentence for said subsequent offense. In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case." (As amended Stats. 1963, ch. 2079, § 1, p. 4345.)

failed, to pronounce judgment and sentence in case number 284070 within 30 days after the defendant had, in the manner prescribed, requested imposition of sentence therein. This motion was denied; the defendant was found to be in violation of the terms of probation; probation was revoked, and the defendant was again sentenced to state prison, the "sentences, as to counts 1 and 2 are ordered to run concurrently with sentences in case No. 296364, counts 1 and 2." ▮ Again, no order was made as to whether the sentences on counts one and two of information number 284070 should run concurrently or consecutively with each other. Under these circumstances such sentences are made to run concurrently with each other by operation of law. (Pen. Code, § 669; see *People* v. *Chung,* 207 Cal.App.2d 660 [24 Cal.Rptr. 637].) The appeal is from this judgment.

▮ The principal contention of the defendant here is that the trial court had lost jurisdiction to pronounce judgment and sentence in case number 284070 because the court had not complied with the provisions of section 1203.2a of the Penal Code. ▮ The Attorney General urges that the appeal should be dismissed because the defendant has not complied with the provisions of section 1237.5 of the Penal Code.[2]

The defendant does not attack the validity of his guilty plea but asserts errors which were committed in proceedings held subsequent thereto. Under these circumstances the requirements of section 1237.5 of tte Penal Code are not applicable and the appeal is properly before this court. (*People* v. *Ward,* 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881].)

▮ It is clear from the record that on June 4, 1964, in case number 284070, no judgment was pronounced, proceedings were suspended, and that the defendant was placed on probation for the period of five years. The court's order of February 9, 1966, setting aside the judgment pronounced on February 3, 1965, was tantamount to a holding that such judgment was void. The record supports such a holding in

---

[2] "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

that it shows that the judgment pronounced on February 3, 1965, according to the reporter's transcript of the oral proceedings, was done so without the court first having made an order revoking probation. Under this state of the record the defendant remained on probation at all times under the order of June 4, 1964, until his probation was validly revoked and judgment was pronunced.

Before judgment could be pronounced the defendant had the right to be present with counsel in order that he might have the opportunity to show cause why judgment should not be pronounced (*In re Levi*, 39 Cal.2d 41, 45 [244 P.2d 403]; *In re Klein*, 197 Cal.App.2d 58, 62 [17 Cal.Rptr. 71]), unless such right had been waived in the manner provided by section 1203.2a of the Penal Code. The defendant made no request in writing in the manner provided by the foregoing section that judgment be pronounced in his absence and without his being represented by counsel. Under these circumstances, without a valid waiver, the court was without power to pronounce a judgment without the presence of the defendant and his counsel. On February 21, 1966, the defendant was given a full opportunity to be heard in the matter of his having violated the terms of probation. At this time the court had before it the original report of the probation officer filed in connection with the proceedings had on February 3, 1965, as well as a supplemental report of such officer filed on February 18, 1966. The court had not lost jurisdiction to revoke probation and pronounce judgment on February 21, 1966. The defendant has suffered no prejudice by reason of the setting aside of the void judgment of February 3, 1965, and his resentencing on February 21, 1966, as he is to receive credit upon the subsequent sentence for the time served under the invalid commitment. (Pen. Code, § 2900.1.)

On February 21, 1966, the defendant was in state prison for an offense committed subsequent to the one on which he was on probation. It is abundantly clear from the entire proceedings that it was the intention of the trial judge in imposing judgment and sentence to have the sentences imposed in counts one and two of action number 284070 run concurrently with each other and to also have them run concurrently with the sentences imposed in action number 296364. The judgment pronounced on February 21, 1966, does not specifically provide that the terms of commitment thereunder shall commence

1022

on the date upon which the defendant was delivered to prison under commitment in action number 296364 as prescribed in section 1203.2a. The judgment should be so amended.

The judgment is affirmed with directions to the trial court to amend the judgment in action 284070 in accordance with the views expressed herein.

Kaus, P. J., and Stephens, J., concurred.