[Crim. No. 9078. First Dist., Div. One. Aug. 26, 1971.]

In re STEPHEN W. BROWN on Habeas Corpus.

**Counsel**

Lally, Martin & Chidlaw and Thomas W. Martin for Petitioner.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, John T. Murphy, Edward P. O'Brien and George R. Nock, Deputy Attorneys General, for Respondent.

## Opinion

**SIMS, J.**—The People have appealed from an order, in proceedings insti-
tuted by a petition for writ of habeas corpus, which vacated one of the
two commitments under which the petitioner was serving concurrent terms,
and directed the Adult Authority to exclude the purported sentence there-
under from its consideration. (See *In re Cruz* (1966) 64 Cal.2d 178, 181-
182 [49 Cal.Rptr. 289, 410 P.2d 825]; *Neal* v. *State of California* (1960)
55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839] [cert. den. 365
U.S. 823 (5 L.Ed.2d 700, 81 S.Ct. 708)]; and *In re Cline* (1967) 255
Cal.App.2d 115, 118 [63 Cal.Rptr. 233] [cert. den. 392 U.S. 938
(20 L.Ed.2d 1397, 88 S.Ct. 2311)].) The petition and order are predicated
on the theory that the trial court lost jurisdiction to pronounce the judgment
in question under the provisions of section 1203.2a of the Penal Code.[1]

---

[1] Penal Code section 1203.2a provides as follows:
"If any defendant who has been released on probation is committed to a prison
in this State for another offense, the court which released him on probation shall have
jurisdiction to impose sentence, if no sentence has previously been imposed for the
offense for which he was granted probation, in the absence of the defendant, *on the
request of the defendant made through his counsel, or by himself in writing, if such
writing is signed in the presence of the warden or superintendent of the prison in
which he is confined or the duly authorized representative of the warden or superin-
tendent, and such warden or superintendent or his representative attests both that the
defendant has made and signed such request and that he states that he wishes the
court to impose sentence in the case in which he was released on probation, in his
absence and without his being represented by counsel.*

"*The probation officer* may, upon learning of such defendant's imprisonment, and
*must within 30 days after being notified in writing by the defendant or his counsel,
or the warden or superintendent or his duly authorized representative of the prison
in which the defendant is confined, report such commitment to the court which
released him on probation.*

"Upon being informed by the probation officer of the defendant's confinement, or
upon receipt from the warden, superintendent or duly authorized representative of
any prison in this State of a certificate showing that the defendant is confined in
prison, the court shall issue its commitment if sentence has previously been imposed.
*If sentence has not been previously imposed and if the defendant has requested the
court through counsel or in writing in the manner herein provided to impose sentence
in the case in which he was released on probation in his absence and without the
presence of counsel to represent him, the court shall impose sentence and issue its
commitment, or shall make other final order terminating its jurisdiction over the
defendant in the case in which the order of probation was made.* If the case is one in
which sentence has previously been imposed, the court shall be deprived of juris-
diction over defendant if it does not issue its commitment or make other final order
terminating its jurisdiction over defendant in the case within 30 days after being
notified of the confinement. *If the case is one in which sentence has not previously
been imposed, the court is deprived of jurisdiction over defendant if it does not impose
sentence and issue its commitment or make other final order terminating its jurisdic-
tion over defendant in the case within 30 days after defendant has, in the manner
prescribed by this section, requested imposition of sentence.*

"Upon imposition of sentence hereunder the commitment shall be dated as of the
date upon which probation was granted and if the defendant is then in a state prison

On December 20, 1967, petitioner was convicted in the Sacramento County Superior Court of the crime of the sale of marijuana in violation of Health and Safety Code section 11531. He was placed on probation for three years, during which period, the imposition of judgment and sentence was suspended. Thereafter, on or about June 2, 1969, petitioner was convicted in Solano County Superior Court of a separate, distinct and unrelated offense and sentenced to state prison.

While petitioner was confined in the California Medical Facility at Vacaville pursuant to his sentence for the second conviction, he was requested by a Sacramento County deputy probation officer to execute a written waiver of counsel and personal appearance on revocation of probation, pursuant to Penal Code section 1203.2a, so that sentence on the Sacramento County conviction could be imposed. On August 1, 1969, petitioner signed such a written waiver in the presence of Mr. Roberts, a records officer at Vacaville, admittedly a duly authorized representative of the warden or superintendent of the California Medical Facility. The signed waiver was given to Mr. Roberts for him to sign and to forward the original to the probation officer.

Roberts subsequently confirmed to petitioner's mother that the original, properly executed and witnessed waiver had been mailed to the chief probation officer in Sacramento on or about August 5, 1969.

On or about August 16, 1969 petitioner's wife advised the probation officer that the requested waiver had been duly executed and forwarded. On or about August 27, 1969 the records officer at San Quentin prison advised the probation officer that the petitioner had been transferred to that institution.

On October 21, 1969, the probation officer wrote the records officer at San Quentin requesting a waiver of appearance at the hearing on his violation of probation. The records officer replied on October 23, 1969 that the subject had signed the waiver while at Vacaville, and forwarded the file copy of the waiver to the probation officer. It must be concluded, as alleged in the petition, "that the probation officer did not receive, or had misplaced the original waiver."

---

for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the court shall order that the sentence for the prior offense shall commence upon termination of the sentence for said subsequent offense. *In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."* (Italics added.)

It is alleged and not controverted that the superior court in Sacramento County rejected the file copy of the waiver because it was not properly attested, that the probation officer in November requested the petitioner to sign another waiver in the presence of a prison counselor, and that petitioner refused to sign a second waiver.

Thereafter in November, petitioner's mother, at the suggestion of the probation officer, took the file copy to the records office at Vacaville and left it for attestation and signature by Roberts. Roberts signed it and returned it to petitioner's mother, and she delivered it to the probation officer on November 19, 1969.

Thereafter proceedings were taken in the superior court which resulted on December 12, 1969 in the rendition and entry of judgment of conviction sentencing the defendant to state prison for a concurrent term for the violation of section 11531 of the Health and Safety Code.

On February 6, 1970, petitioner filed his petition attacking that conviction and on June 1, 1970 the court made the order which is the subject of this appeal.

■ "Before the enactment of section 1203.2a, a court that had suspended imposition of sentence and granted probation to one who later found himself in the situation of this petitioner or of *Klein* (197 Cal.App.2d 58 [17 Cal.Rptr. 71]) or *Fisherman* (237 Cal.App.2d 356 [47 Cal.Rptr. 33]) did not lose jurisdiction to impose sentence because of lapse of time. If probation was timely revoked, judgment could be imposed at any time thereafter. [Citations.]" (*In re Perez* (1966) 65 Cal.2d 224, 232 [53 Cal. Rptr. 414, 418 P.2d 6]. See also *In re White* (1969) 1 Cal.3d 207, 211 [81 Cal.Rptr. 780, 460 P.2d 980].)

"Fairness to one committed to a state prison and proper administration by the prison officials and the Adult Authority require that such outstanding convictions be reduced to judgment or be otherwise finally disposed of by termination of the trial court's jurisdiction." (65 Cal.2d at p. 228.)

■ "The purpose of section 1203.2a is to prevent a defendant from inadvertently being denied the benefit of Penal Code section 669 that sentences be concurrent unless the court exercises its discretion to order that a subsequent sentence be consecutive to a prior sentence. . . . By authorizing a defendant on probation who had been committed for another offense to request revocation of probation and imposition of sentence and by requiring his probation officer to notify the court of the subsequent commitment, section 1203.2a affords a procedure for requiring the court to consider imposing a concurrent sentence. It also precludes inadvertent imposition of consecutive sentences by depriving the court of further juris-

diction over the defendant in the case in which probation was granted, if it fails to act within 30 days of being informed of the relevant facts." (*In re White, supra,* 1 Cal.3d 207, 211, fn. omitted. See also *People* v. *Ford* (1966) 239 Cal.App.2d 944, 946 [49 Cal.Rptr. 283].)

Prior to its amendment in 1963 (Stats. 1963, ch. 2079, § 1, p. 4345) the statute failed to provide for waiver of personal presence and the right to counsel when sentence was to be imposed after a subsequent conviction of another offense. The provisions were held to be unconstitutional. (See *In re Perez, supra,* 65 Cal.2d 224, 229-231; *People* v. *Fisherman* (1965) 237 Cal.App.2d 356, 360-362 [47 Cal.Rptr. 33]; and *In re Klein* (1961) 197 Cal.App.2d 58, 62-68 [17 Cal.Rptr. 71].)

The amendments in 1963 prescribed the manner in which those rights may be waived. ▉ They have been construed as follows: ". . . the 30-day period does not begin to run until a proper notification in writing is received by the probation officer for transmission to the court. If sentence has previously been imposed, all that is required is that the defendant, his counsel, or a prison representative notify the probation officer of the second commitment, the probation officer notify the court within 30 days, and the court issue its commitment order or order terminating jurisdiction over the defendant within 30 days. But if sentence has not previously been imposed, the notification must include the defendant's request that sentence be imposed in the case and his statement that it may be imposed in his absence and without representation by counsel. (Pen. Code, § 1203.2a.)" (*People* v. *Ford, supra,* 239 Cal.App.2d 944, 946. See also *People* v. *Rogers* (1967) 252 Cal.App.2d 1015, 1021 [61 Cal.Rptr. 48]; and *People* v. *Wendes* (1965) 237 Cal.App.2d 814, 816 [47 Cal.Rptr. 310]. Note *In re Perez, supra,* 65 Cal.2d 224, 231; and cf. *People* v. *Vasquez* (1971) 16 Cal.App.3d 897, 899 [94 Cal.Rptr. 389].)

In this case there is no showing that a properly attested request and waiver was received by the probation officer before November 19, 1969. This request was reported to the court and was acted upon by the court within 30 days of its receipt.

▉ The petitioner, in reliance upon *People* v. *Slobodion* (1947) 30 Cal.2d 362 [181 P.2d 868] [cert. den. 335 U.S. 835 (93 L.Ed. 387, 69 S.Ct. 24)], urges that the original of the duly executed request and waiver should be deemed lodged with the probation officer or with the court at the time it was delivered to the records officer at Vacaville on August 1, 1969, because he cannot be charged with the omissions of agents and employees of the state. In *Slobodion* the court concluded, ". . . the state's failure, through its employees, to function in protection of appellant's exercise of his right of appeal, will not deprive him of such right after

he has timely performed, as far as the state allows, all the steps required by the state law in perfection of his appeal. Accordingly, we hold that appellant's delivery of his notice of appeal to the state prison employees for forwarding six days prior to the expiration date for the taking of his appeal constituted a constructive filing within the prescribed time limit and satisfied the jurisdictional requirement as contemplated by law." (30 Cal.2d at pp. 367-368.) In *Slobodion* the court was dealing with the right to appeal, and the opinion points out that to deny it to one whose timely pursuit of his right to appeal was thwarted by the failure of state employees to comply with the state's law would be a denial of equal protection of the law (*id.* at p. 368).

In this case the court is concerned with a privilege which did not exist until provided by statute, and which has been qualified to preserve the petitioner's right to be present and to have counsel at his sentencing. The interest of the state in the prosecution and punishment of criminals is entitled to some consideration. When, as here, proceedings have been initiated by the state to enable the incarcerated defendant to preserve his right to concurrent sentences, it is not improper to preserve the jurisdiction of the court until it has been ousted by strict compliance with the terms of the statute, or until such time as the defendant has been prejudiced by errors or omissions of some agent of the state.

In this case the probation officer initiated the proceedings for petitioner's sentencing on the prior charge. It is clear that as of October 21, 1969 he was not aware of the fact that petitioner had executed, and that the records officer at Vacaville had attested, a proper request and waiver. It is acknowledged that the probation officer did not receive or had misplaced the original waiver. Assuming that there was some dereliction of duty or negligence on the part of either the records officer, the probation officer, or some clerical employee in either office, rather than in the post office, the fact remains that no valid request and waiver had been addressed to or communicated to the court so as to start the period in which it would be deprived of jurisdiction.

Furthermore it should be noted, as discussed below, that any term of imprisonment under a commitment issued upon the earlier conviction must commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the term is made consecutive by order of the court. In the absence of such an order, the petitioner has in no way been prejudiced by the delays in his sentencing. (See *People* v. *Rogers, supra,* 252 Cal.App.2d 1015, 1021.)

 Petitioner further urges that when the probation officer received the prison's letter of October 23, 1969 with the file copy of the request

and waiver, the 30-day period commenced running, and jurisdiction terminated before the court finally acted on December 12. The sentencing court might have accepted the unattested copy, with the accompanying letter, and might have assumed therefrom that the petitioner would be estopped to deny that the file copy of the request and waiver did not strictly conform to the requirements of section 1203.2a. (See *In re White, supra,* 1 Cal.3d 207, 213.) It was not bound to do so, however, and it properly refused to proceed. The request and waiver, not being in compliance with the provisions of the section, could not start the 30-day period running.[2]

Petitioner's refusal to execute another waiver which could be properly attested estops him from raising any question concerning the delays which occurred after that refusal. (See *People* v. *Ford, supra,* 239 Cal.App.2d 944, 946-947.) In fact, the first request and waiver executed "in the manner prescribed by" section 1203.2a was not received by the probation officer until November 19, 1969. Since the court's order was entered within 30 days after that date it clearly had jurisdiction to act.

The judgment and commitment fails to follow the mandate of the statute (§ 1203.2a, see fn. 1 above). It is not "dated as of the date upon which probation was granted" and it does not provide that "the term of imprisonment . . . shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense." (See *People* v. *Rogers, supra,* 252 Cal.App.2d 1015, 1021-1022.)

The order of the superior court vacating the judgment and commitment made and entered December 12, 1969 by the superior court in Sacramento County in action No. 32366 is reversed, and the case is remanded to the trial court with directions to ascertain the date upon which petitioner was granted probation in that action, and to make its order directing the Adult Authority to deem the commitment contained in the aforementioned judgment as dated as of the date on which such probation was granted, and to consider the term of imprisonment under that commitment as commencing upon the date upon which petitioner was delivered to prison under commitment from Solano County for his subsequent offense. The court is further

---

[2]It is noted that the statute may contemplate that a request to the probation officer, as distinguished from one to the court, gives him 30 days within which to communicate the defendant's request to the court, and then 30 days for the court to act, so that if the first 30 days started running on the receipt of the October 23, 1969 letter, and the completed request was communicated to the court within 30 days thereafter (i.e., within a few days after its receipt on November 19, 1969), there was still jurisdiction in the court. Petitioner's noncooperation makes pursuit of this theory unnecessary.

directed to otherwise deny the petition for writ of habeas corpus and discharge the order to show cause.

Molinari, P. J., and Elkington, J., concurred.