[No. A035142. First Dist., Div. One. Mar. 5, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
CURTIS JONES, Defendant and Appellant.

[No. A036836. First Dist., Div. One. Mar. 5, 1987.]

In re CURTIS JONES on Habeas Corpus.

**COUNSEL**

Kathleen Kahn, under appointment by the Court of Appeal, and Robert K. Calhoun, Jr., for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, Steve White, Assistant Attorney General, Stan M. Helfman and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, Acting P. J.**—We have before us the appeal of Curtis Jones from an order revoking his probation on a perjury conviction, and his petition for a writ of habeas corpus. The issues of both proceedings are the same; they concern the application of Penal Code section 1203.2a (hereafter section 1203.2a). We have consolidated them for our consideration and determination.

Section 1203.2a, a lengthy code section, provides a procedure by which a person given probation without imposition of sentence following a felony conviction, who during the probationary period is arrested, prosecuted and convicted for another felony offense and incarcerated in state prison therefore, may at his option request imposition of sentence on the conviction for which he had been granted probation. The request for imposition of sentence must be in writing and "signed in the presence of the warden or superintendent of the prison in which he is confined or the duly authorized representative of the warden or superintendent, and such warden or superintendent or his representative attests both that the defendant has made and signed such request and that he states that he wishes the court to impose sentence in the case in which he was released on probation. . . ."

Section 1203.2a then states: "The probation officer may, upon learning of such defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his counsel, or the warden or superintendent or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him on probation. . . . [¶] In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

Jones was such a person as would have been *eligible* for the application of section 1203.2a, should he have so elected.

■ It has been held, as to such state prison inmates' requests for sentencing, that there must be *"strict compliance"* with section 1203.2a (*Pompi* v. *Superior Court* (1982) 139 Cal. App.3d 503, 507 [189 Cal.Rptr. 52]; *People* v. *Ruster* (1974) 40 Cal.App.3d 865, 871 [115 Cal.Rptr. 572]), "in the manner prescribed by the section" (*People* v. *Ford* (1966) 239 Cal.App.2d 944, 946 [49 Cal.Rptr. 283]) upon "a proper notification in writing" (*In re Brown* (1971) 19 Cal.App.3d 659, 665 [97 Cal.Rptr. 71]), and upon "adequate notice" (*Pompi* v. *Superior Court, supra,* at p. 507). The need for "a properly attested request" has been emphasized. (*Id.,* at p. 507.)

Moreover: "Penal Code section 1203.2a . . . is statutorily limited to . . . state prisoners." (*People* v. *Mahan* (1980) 111 Cal.App.3d 28, 33 [168 Cal.Rptr. 428].) And: "If a request for sentencing is not made in the manner prescribed by the section, the probation officer may report the commitment to the court *but he [or she] is not required to do so.*" (Our italics; *People* v. *Ford, supra,* at p. 946.)

■ The issue before us is whether Jones had made a proper *request for sentencing* on the conviction for which he had been granted probation.

He relies upon a letter sent by him to his *probation* officer, as follows: "Dear Mrs. Williams, as you may know, I'm in jail for violating my parole. I've been in custody for two months now. Maybe I should have informed you sooner, but I wanted to wait until after the parole hearing which was on February 21. I received one year. My release date is on or about 12-27-85, I'm not quite clear on the date. Again I'm concerned on what you might do. Again, I can be violated by you also. Mrs. Williams, you must forgive me for saying it like this but I fucked up. I can't blame this on know one. So all I want to know is how I stand with you. I'll be looking for a response, good or bad." (*Sic.*)

The trial court held that the letter was *not* effective as a request for imposition of sentence under section 1203.2a. Jones charges error in the ruling.

We discern no error.

The letter does not appear to be in strict, or any, compliance with section 1203.2a under the rules we have quoted. Nowhere does a *request for sentencing* appear. Nor was it "properly attested" as required by section 1203.2a. And the probation officer was not informed thereby that *Jones* had become an inmate of a state *prison*; he simply said he was in *jail*. The probation officer was under no duty to report his commitment to prison to the court. It is common knowledge that parole violators are frequently held in *jail* pending resolution of new criminal charges, or determination of their status.

And we note further the express holding that a defendant's letter to his probation officer was "not in strict compliance with the provisions of section 1203.2a," and therefore inadequate where, as here, "it did not request imposition of sentence and was neither signed in the presence of the warden or superintendent or his representative nor was it accompanied by the required attestation of that official." (*People* v. *Ruster, supra,* 40 Cal.App.3d 865, 871.)

Moreover, we opine, that benefit is not necessarily bestowed on a person, such as Jones, by application of section 1203.2a; it may result in a new prison

sentence consecutive to that being served, a result which many state prisoners would obviously wish to avoid. No presumption or inference of an intent to be sentenced reasonably arises from a letter such as that of Jones.

The order revoking Jones's probation is affirmed, and the petition for a writ of habeas corpus is denied.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied April 6, 1987.