[No. B045319. Second Dist., Div. Six. Jan. 9, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES MILTON HOLT, Defendant and Appellant.

**COUNSEL**

David Harrell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Carol Wendelin Pollack and Elaine F. Tumonis, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—A defendant is sentenced for a crime. Imposition of sentence is suspended and he is placed on probation under certain terms and conditions. He is then committed to state prison on another case. Prison authorities notify the defendant's probation officer of his confinement in state prison. The probation officer fails to notify the court which released

defendant on probation of his commitment to state prison within 30 days of receiving this notice.

■ Here we hold that under section 1203.2a of the Penal Code[1], the court which placed defendant on probation is deprived of jurisdiction to sentence him even though it suspended imposition of sentence. We therefore vacate the judgment entered following revocation of defendant Charles Milton Holt's probation.[2]

## Procedural Background

In June 1987, in the Ventura County Superior Court, Holt pled guilty to possession of cocaine. (Health & Saf. Code, § 11350.) Imposition of sentence was suspended, and he was placed on probation on a number of terms and conditions, which included that he serve 180 days in the county jail. Shortly thereafter, Holt was sentenced to prison on another case in another county. On September 23, 1987, prison officials at the California Institution for Men notified Holt's probation officer of his incarceration pursuant to section 1203.2a.[3] On August 13, 1988, Holt was released on parole on his state prison matter. In December 1988, a bench warrant was issued for Holt's arrest because of his failure to report to either his probation officer or his parole officer.

On March 8, 1989, Holt was arrested for violation of Health and Safety Code section 11364, possessing a cocaine pipe. This charge, which was dismissed, was used to revoke Holt's parole and remand him to state prison on March 30, 1989.

On March 31, 1989, Holt's county probation was revoked in the instant case, and a warrant "hold" was placed on him.

On June 21, 1989, while in state prison, Holt filed a request to terminate probation and to be sentenced in absentia pursuant to section 1203.2a. On July 5, 1989, Holt appeared in court on the probation violation, admitted the violation and withdrew his section 1203.2a request to be sentenced in absentia.

On July 26, 1989, the court ultimately sentenced Holt to two years in state prison on his 1987 Health and Safety Code section 11350 conviction.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Holt contends the trial court failed to correctly calculate his presentence credits pursuant to section 2900.5. In light of our conclusions concerning section 1203.2a, we need not discuss this issue. We have given the parties the opportunity to submit additional briefs concerning the applicability of section 1203.2a.

[3] Pursuant to Evidence Code sections 452, subdivision (c), and 459, we have taken judicial notice of the certified state prison record.

## Discussion

It is an unenviable chore to consider section 1203.2a. The statute reflects a disregard for careful drafting and contempt for the English language. Meandering clauses in which the subject and predicate are ruthlessly separated from one another, jumps in thought and logic, and a lack of organization make the going difficult. Nevertheless, we have persevered in our trek through the statute's thicket of tangled clauses. Our efforts have not gone unrewarded. The statute has a specific meaning that apparently was not discernible to other courts.

Once Holt's probation officer received notice from prison officials on September 23, 1987, that Holt was in prison, the probation officer had 30 days in which to notify the sentencing court of Holt's incarceration. The probation officer failed to so notify the court. The court therefore had no jurisdiction to sentence Holt. Holt's admission of his probation violation and its revocation by the court in 1989 were of no effect.

Counsel for the People and Holt discuss case law that suggests the court does have jurisdiction to sentence Holt. They point out that section 1203.2a makes a distinction between suspended sentences and sentences which have not been imposed. They cite *In re Brown* (1971) 19 Cal.App.3d 659, 665 [97 Cal.Rptr. 71], which discusses this distinction. " '[T]he 30-day period does not begin to run until a proper notification in writing is received by the probation officer for transmission to the court. If sentence has previously been imposed, all that is required is that the defendant, his counsel, or a prison representative notify the probation officer of the second commitment, the probation officer notify the court within 30 days, and the court issue its commitment order or order terminating jurisdiction over the defendant within 30 days. But if sentence has not previously been imposed, the notification must include the defendant's request that sentence be imposed in the case and his statement that it may be imposed in his absence and without representation by counsel. [Citation.)' "

Here, imposition of sentence was suspended. Therefore, the People and even Holt argue notice of his confinement sent by correction officials to his probation officer did not place upon the probation officer a duty to report this confinement to the court. This is because Holt did not submit a written request that he be sentenced in absentia.

A careful reading of the statute shows that it required Holt's probation officer to notify the court within 30 days of receiving notice from the Department of Corrections that Holt was in prison, whether or not sentence had previously been imposed. .

The best approach to understanding section 1203.2a[4] is to summarize the statute paragraph by paragraph.

The first paragraph could be used as a device to drive surplus students out of law school. It consists of one sentence, one hundred seventy-seven words long. The paragraph deals with a defendant who has been released on probation and is then committed to prison. This paragraph states in part that the court which released the defendant on probation has the jurisdiction to sentence him even in his absence if no sentence has previously been

---

[4] Section 1203.2a provides:

"If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

imposed. In order to so sentence the defendant, the defendant or his counsel must request that he be sentenced in absentia, and the request must meet certain other requirements not relevant here.

The second paragraph provides that a probation officer, upon learning of a defendant's imprisonment by notification from the defendant, his counsel, or a prison representative, *must* within 30 days of receiving such notice report this to the court which originally released the defendant on probation. If the probation officer learns of the defendant's imprisonment in some other manner, then the probation officer *may* so notify the court.

Where, as here, the probation officer receives notification of defendant's imprisonment from a representative of the prison, the probation officer is required to inform the court within 30 days. This requirement is not dependent upon whether defendant's sentence was imposed or suspended.

The third paragraph makes the distinction between sentences that have been previously imposed and those which have not. In cases in which sentence has previously been imposed, and the court has received notification of the defendant's commitment, it is deprived of jurisdiction if it does not act within 60 days. If sentence has not been previously imposed, and if defendant properly follows the requirements requesting that he be sentenced in absentia as outlined in paragraph one, the court must act within 30 days or it is deprived of jurisdiction.

In the instant case, Holt did not request that he be sentenced in absentia prior to the probation officer receiving notification of his imprisonment from the Department of Corrections. Once the probation officer received this notice, he was required to notify the court within 30 days. His failure to do so deprived the court of jurisdiction.

Paragraph five[5] states that if the probation officer fails to report a commitment to the court as provided in the statute, it shall be deprived of all jurisdiction it may have retained in the granting of probation in the case. Paragraph two, which we have already considered, requires the probation officer to notify the court within 30 days of receiving notification from a prison representative that defendant is in prison.

The probation officer failed to report a commitment as required in the statute. Although Holt was a defendant whose sentence had not been previously imposed, paragraph three had no applicability because he made no request to be sentenced in absentia prior to the court losing jurisdiction. *In*

---

[5] Paragraph four is not relevant to our discussion.

*re Brown, supra,* 19 Cal.App.3d 659, and the cases which cite it, mostly focus on defendants for whom sentence has not been imposed, and who wish to be sentenced in absentia. (See, e.g., *People* v. *Jones* (1987) 189 Cal.App.3d 1453, 1456 [235 Cal.Rptr. 111]; *In re Flores* (1983) 140 Cal.App.3d 1019, 1023 [190 Cal.Rptr. 388]; *People* v. *Ruster* (1974) 40 Cal.App.3d 865, 870-871 [115 Cal.Rptr. 572]; cf. *People* v. *Johnson* (1987) 195 Cal.App.3d 510, 514 [240 Cal.Rptr. 748].)

We disagree with these cases to the extent they hold or state by way of dicta that the only time the court loses jurisdiction to sentence a defendant whose sentence has not been previously imposed is when the court fails to act after defendant has made a proper request to be sentenced in absentia.

The notice to the probation officer from the Department of Corrections in 1987 should have set in motion the machinery to sentence Holt at that time. Section 1203.2a is designed to prevent a defendant from inadvertently being denied the benefit of a concurrent sentence pursuant to section 669. (*In re White* (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980].) Holt's sentence in 1989 was in effect a full consecutive sentence.

Should the Legislature decide it meant to say something other than it did, it can amend the statute. If it does, we hope it shows some consideration for the reader.

We remand to the trial court with directions to vacate its sentence on the probation violation.

Stone (S. J.), P. J., and Abbe, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied March 21, 1991. Arabian, J., and Baxter, J., were of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.