[No. E010758. Fourth Dist., Div. Two. Apr. 21, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
BONNIE LUCILLE WILLETT, Defendant and Appellant.

**4**

COUNSEL

Robert J. Russo, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Joyce N. Burnett, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RAMIREZ, P. J.**—Defendant, Bonnie Lucille Willett[1], pled guilty to being an accessory to an assault. (Pen. Code, § 32.)[2] On June 29, 1987, the court withheld pronouncement of judgment and granted defendant three years' supervised probation.

On June 19, 1990, the probation department petitioned the court to revoke defendant's probation because she had been arrested and held to answer in Sacramento on felony charges on July 27, 1989. The court revoked defendant's probation and issued a warrant for her arrest.

On June 28, 1990, defendant personally appeared and was arraigned on the petition. Defendant denied the allegations contained in the petition. The hearing on the petition was continued until August 13, 1990. The minute order for the August 13, 1990, hearing reflects defendant failed to appear because she was in custody in Sacramento.

The court received defendant's request for sentencing pursuant to section 1203.2a on January 15, 1992. On February 7, 1992, the court sentenced defendant to two years in prison to run concurrently with any other term defendant was to serve. The commencement date of the commitment was deemed to be the date defendant was sentenced to state prison on the Sacramento matter.

On appeal defendant contends the sentencing court lost jurisdiction to impose sentence after probation revocation when the probation department failed to notify the court of defendant's incarceration on the new offenses.

---

[1]Both appellant and respondent spell appellant's name "Bonnie Lucielle Willet" in their briefs. We note that appellant's name is spelled "Bonnie Lucille Willett" in all trial court documents and that appellant spelled her name "Bonnie Willett" when she signed her change of plea form. We therefore use that spelling.

[2]All further references to code sections will be to the Penal Code unless otherwise indicated.

## FACTS

A recitation of the facts of the underlying offenses in this case is not necessary to the resolution of the issue on appeal.

## DISCUSSION

Section 1203.2a provides: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"Upon being informed by the probation officer of the defendant's confinement . . . the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over

defendant in the case within 30 days after defendant, has, in the manner prescribed by this section, requested imposition of sentence.

"
。 . . . . . . . . . . . . . . . . . . . . . . . . . .

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."[3]

■ Defendant argues that because the probation officer did not inform the court of her incarceration within 30 days after receipt of a letter from her dated September 10, 1990, the court was deprived of jurisdiction. The letter stated: "Dear Mrs. Pride [¶] I am writing this letter to find out about the violation. I have tryed [sic] to enquire about it through my counsler [sic] but have gotten no responce [sic]. [¶] If you would please let me know what is gonna take place on that I would appreciate it very much. [¶] I also need my public defenders [sic] phone number if you could help me with that also. [¶] I have had a name change within the system[;] my name and address is Bonnie L. Williams, W37813 CCWF-C509-08, PO Box 1508, Chowchilla, Calif 93610/1508 [¶] But your case is under my name of Bonnie L. Lloyd. [¶] Thank you. [¶] Bonnie Williams Lloyd."[4]

The Attorney General argues it was not necessary for the probation officer to inform the court of defendant's imprisonment because the court already had actual knowledge of this fact. ■ The minute order of the August 13, 1990, hearing reflects the court's knowledge that defendant was "in custody" prior to the receipt of defendant's letter. The probation officer had previously informed the court in the petition for revocation of probation that defendant had been arrested and held to answer on felony charges in Sacramento Superior Court. Thus, the record on appeal does not reveal whether defendant was "committed to a prison" at the time of the August 13 hearing or if the court understood this fact. Section 1203.2a "applies only to a probationer who is subsequently 'committed to a prison' following conviction on another charge," and not where "there has been merely an arrest

---

[3]"It is an unenviable chore to consider section 1203.2a. The statute reflects a disregard for careful drafting and contempt for the English language. Meandering clauses in which the subject and predicate are ruthlessly separated from one another, jumps in thought and logic, and a lack of organization make the going difficult. Nevertheless, we have persevered in our trek through the statute's thicket of tangled clauses." (*People* v. *Holt* (1991) 226 Cal.App.3d 962, 965 [277 Cal.Rptr. 323].)

[4]Although both respondent and appellant referred to this letter extensively in their briefs, neither party requested the original letter be transmitted to the court pursuant to California Rules of Court, rule 10(d). Therefore, this court requested transmission of that letter pursuant to that rule.

and detention of the probationer pending trial." (*In re Roberts* (1953) 40 Cal.2d 745, 748 [255 P.2d 782].) The court's knowledge that defendant was in jail pending trial would not serve as prior notification that defendant had been committed to a prison.

In *People* v. *Holt, supra,* 226 Cal.App.3d 962, the court held that the probation officer's failure to notify the court of the defendant's imprisonment within 30 days of receiving notice caused the court to lose jurisdiction, regardless of whether sentence had been previously imposed. (*Id.,* at pp. 965-968.) Using a "plain language" approach, the court reached this conclusion by reading and interpreting the language of each paragraph separately. Curiously, the court in *Holt* then stated the notice to the probation officer should have set in motion the machinery to sentence the defendant despite the fact the defendant had not formally requested sentencing in compliance with section 1203.2a. (226 Cal.App.3d at p. 968.)

█ However, requests for sentencing pursuant to section 1203.2a must be in strict compliance with that section. (*People* v. *Jones* (1987) 189 Cal.App.3d 1453, 1455 [235 Cal.Rptr. 111]; *People* v. *Ruster* (1974) 40 Cal.App.3d 865, 871 [115 Cal.Rptr. 572].) In fact, if the court pronounces judgment in the absence of such a request and waiver, it violates the defendant's constitutional rights to have the assistance of and to be personally present with counsel. (*People* v. *Ruster, supra,* 40 Cal.App.3d at p. 871.)

The Legislature intended that sentence be imposed only on the defendant's written request and waiver. (*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216, 224, fn. 4 [98 Cal.Rptr. 449, 490 P.2d 1137].) *Holt*'s interpretation of section 1203.2a is contrary to the legislative intent. When sentence has not been previously imposed, notice to the probation officer, which does not comply with the written request and waiver provisions of paragraph one, has no ultimate effect. Even if the probation officer reports the imprisonment to the court, the court cannot impose sentence unless the defendant has requested sentencing in compliance with section 1203.2a. It is illogical and contrary to legislative intent for the court to lose jurisdiction in that instance.

█ "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] But '[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' [Citations (although reasonable doubts as to ambiguous criminal statute should normally be resolved in favor of defendant, rule does not

apply where result is absurd or contrary to legislative intent).] Thus, '[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' [Citation.] Finally, we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].)

In the case of section 1203.2a, we must not read each paragraph or sentence in isolation but in reference to the entire scheme of the statute as a whole, harmonizing each part to retain the statute's effectiveness. Therefore, to fulfill the Legislature's intent, paragraph two must be interpreted in conjunction with paragraph one. When sentence has not been previously imposed, the probation officer has a duty to report the defendant's imprisonment to the court within 30 days only if the written notification by defendant or his counsel complies with the provisions of paragraph one of section 1203.2a.

Until *Holt*, appellate courts consistently interpreted section 1203.2a in this manner. *In re Brown* (1971) 19 Cal.App.3d 659 [97 Cal.Rptr. 71] held the 30-day period does not begin to run until a request and waiver in compliance with section 1203.2a is received by the probation officer for transmission to the court. (*Id.*, at pp. 665, 667.) *People* v. *Ruster, supra*, 40 Cal.App.3d 865 held that although the probation officer did not report the defendant's imprisonment to the court within 30 days of being notified, the defendant's notification did not comply with section 1203.2a requirements which would allow the court to impose sentence on the defendant. Therefore, the probation officer's failure "is of no significance in relation to the jurisdictional issue raised herein and furthermore resulted in absolutely no prejudice to defendant." (*Id.*, at p. 871.) *People* v. *Jones, supra*, 189 Cal.App.3d 1453 held that because the defendant's letter to the probation officer was not in strict compliance with section 1203.2a, the probation officer had no duty to report the imprisonment to the court. (*Id.*, at pp. 1455-1457.) In *People* v. *Johnson* (1987) 195 Cal.App.3d 510 [240 Cal.Rptr. 748], the court stated, "Under section 1203.2a, there is no prescribed time limit within which the probation officer and the court must act when imposition of sentence was previously suspended and there is no request for sentence, waiving personal appearance, by the probationer." (*Id.*, at p. 515.)

Furthermore, defendant received a sentence concurrent to her sentence in the Sacramento case. "The purpose of section 1203.2a is to prevent inadvertent consecutive sentences which would deprive defendant of the benefit of section 669, providing that sentence shall be concurrent unless the

court expressly orders otherwise." (*People* v. *Ruster, supra,* 40 Cal.App.3d at p. 870.) Therefore, the purpose of section 1203.2a was met. In the absence of imposition of *consecutive* sentences, defendant has not been prejudiced by any delays in sentencing. (*In re Brown, supra,* 19 Cal.App.3d at p. 666.)

■ In its original disposition, the court withheld pronouncement of judgment. Section 1203.2a provides for loss of jurisdiction if the court fails to impose sentence within 30 days after defendant has requested imposition of sentence in a writing which has been attested to by the warden.

The court did not err in refraining from sentencing defendant until February 1992 because defendant did not request, in conformance with section 1203.2a, that sentence be imposed until the court received the request in January 1992. Defendant's letter dated September 10, 1990, did not conform to section 1203.2a because it did not request sentence be imposed and was not attested to by the warden.

Because defendant's letter did not comply with section 1203.2a requirements, the probation officer was not required to report defendant's imprisonment to the court within 30 days. The court timely sentenced defendant in accordance with section 1203.2a after receiving proper notice and request. The court was not deprived of jurisdiction to sentence defendant.

DISPOSITION

The judgment is affirmed.

Hollenhorst, J., and Timlin, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 22, 1993. Mosk, J., Baxter, J., and George, J., were of the opinion that the petition should be granted.