[No. A018291. First Dist., Div. One. Nov. 24, 1982.]

RICHARD P. POMPI, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

504

**COUNSEL**

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, and Peter Ottenweller, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, W. Eric Collins, John B. Moy and Laurence K. Sullivan, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

RACANELLI, P. J.—Petitioner seeks issuance of a writ of mandate compelling respondent court to terminate his probation on grounds—inter alia—that the court was deprived of jurisdiction due to its failure to comply with the provisions of Penal Code section 1203.2a.[1] The undisputed facts contained in the record disclose the following sequence of events:

---

[1] The section provides in pertinent part: "The probation officer may, upon learning of . . . defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his counsel, or the warden or superintendent or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden, superintendent or duly authorized representative of any prison in this state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. . . . If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement . . . .

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

On September 5, 1975, petitioner was sentenced by respondent court to state prison for violations of Penal Code sections 459 and 288a; the prison sentence imposed was suspended and petitioner was placed on probation for a period of five years subject to conditions including one year in the county jail.

In 1978, petitioner was convicted of attempted burglary in New York State and thereafter became a fugitive from justice until March 1981.

On November 21, 1978, upon application of the San Francisco Probation Department, respondent court revoked its order of probation by reason of petitioner's failure to appear; thereafter a bench warrant was issued and lodged as a detainer with the New York State authorities.

On September 18, 1981, petitioner transmitted and served by mail upon respondent court, the probation department, and the local district attorney his written "Affidavit in Support of Motion for Rights to Due Process" advising said authorities of his incarceration in New York and requesting "disposition of the [probation violation] detainer."[2]

In December 1981 and January 1982, petitioner again wrote to the court renewing his request for disposition of the pending probation matter.[3] The clerk of respondent court treated the December request as a demand for hearing pursuant to Penal Code section 1381 and accordingly forwarded notice thereof to the office of the district attorney. Shortly thereafter the district attorney initiated proceedings for transfer of custody under the provisions of the Interstate Agreement on Detainers (see Pen. Code, § 1389).

In February 1982, the New York authorities rejected the request on the ground that the interstate agreement did not apply to probation violations.

On May 28, 1982, the public defender, acting on behalf of petitioner, filed a motion to recall the bench warrant and to terminate probation.

On June 11, 1982, petitioner's motion was denied on the basis that he had failed to demonstrate compliance with Penal Code section 1203.2a. This petition ensued.

---

[2]Petitioner's fiancee had previously been advised by letter from a senior probation officer that no action could be taken on petitioner's request until he had completed his New York sentence.

[3]In the December letter, petitioner confirmed his earlier request for "a hearing and a resolution of the [probation revocation] charge" and solicited the court to consider "dropping" the warrant or to impose a sentence concurrent to his New York sentence. In the January letter, petitioner again requested that the warrant lodged against him be dropped.

■    The legislative purpose underlying section 1203.2a is to prevent the inadvertent denial of the benefit of concurrent sentencing under Penal Code section 669[4] and is structured to preclude the mechanical imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant if the court fails to act within 60 days following notification of defendant's confinement. (See *In re White* (1969) 1 Cal.3d 207, 211 [81 Cal.Rptr. 780, 460 P.2d 980]; *People* v. *Ford* (1966) 239 Cal.App.2d 944, 946 [49 Cal.Rptr. 283]; *People* v. *Martinez* (1975) 46 Cal.App.3d 736, 741-742 [120 Cal.Rptr. 362, 121 Cal.Rptr. 443].) However, in the absence of a defendant's strict compliance with the statutory requirements, no ouster of jurisdiction will result. (See, e.g., *People* v. *Ruster* (1974) 40 Cal.App.3d 865, 871 [115 Cal.Rptr. 572]; *In re Brown* (1971) 19 Cal.App.3d 659, 665 [97 Cal.Rptr. 71].) The Attorney General, in resisting the petition, contends that the probation officer was under no duty to act by reason of petitioner's failure to give proper notice and because the statutory notice provision applies only with respect to previously unsentenced defendants; further, that no jurisdictional defect exists due to the probation officer's alleged failure to report the New York commitment to the court. We find the several contentions to be wholly without merit.

■    It is firmly established that the "severe sanction" of loss of jurisdiction follows a probation officer's failure to perform timely his duty of reporting to the court the fact of probationer's present confinement (*People* v. *Como* (1975) 49 Cal.App.3d 604, 609 [123 Cal.Rptr. 86]; *People* v. *Ford, supra,* 239 Cal.App.2d 944, 946), whether such confinement be within or without the state. (*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216 [98 Cal.Rptr. 449, 490 P.2d 1137].) Contrary to the Attorney General's assertion, the statutory 30-day period begins as soon as the probationer notifies his probation officer of his subsequent imprisonment, as herein shown. [Petitioner's affidavit provided adequate notice of such commitment in stating that he was "currently serving time within the New York State Department of Corrections."] Moreover, the requirement for a properly attested request, and any necessary waiver, applicable to unsentenced defendants under the first paragraph of Penal Code section 1203.2a did not apply to petitioner upon whom sentence had been *previously imposed* with execution stayed in conjunction with the grant of probation.

---

[4]Section 669 states in relevant part: "In the event that the court at the time of pronouncing the second or other judgment upon such person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon such failure so to determine, or upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of such notice, determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incomplete term or terms of imprisonment. Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

(Cf. *People* v. *Martinez, supra,* 46 Cal.App.3d 736 at pp. 741-742; *In re Brown, supra,* 19 Cal.App.3d at p. 665.) On the record before us it clearly appears that the probation officer failed to make the required report upon receipt of adequate notice of petitioner's confinement resulting in respondent court's subsequent failure to issue its commitment within the required period. In such circumstances, in light of the statutory command, respondent court was deprived of "all jurisdiction it may have retained in the granting of probation. . . ." (Pen. Code, § 1203.2a.) Such deprival of jurisdiction would effectively terminate the previous order of probation. (See *People* v. *Washington* (1982) 131 Cal.App.3d 434, 437 [186 Cal.Rptr. 3].)

Let a peremptory writ of mandate issue compelling respondent court to set aside and vacate its order of commitment and enter its order herein terminating probation and to undertake such further proceedings as may be appropriate consistent with the views expressed herein.

Newsom, J., and Holmdahl, J., concurred.