[No. F051547. Fifth Dist. Sept. 14, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
MATTHEW MURRAY, Defendant and Appellant.

## COUNSEL

Kathleen Woods Novoa, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Brian Alvarez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ARDAIZ, P. J.**—Appellant Matthew Murray was sentenced to six years in prison following the revocation of his probation. He now contends that, pursuant to Penal Code[1] section 1203.2a, the Fresno County Superior Court lacked jurisdiction to impose the previously suspended prison term. Respondent concedes the want of jurisdiction, albeit under a somewhat different analysis. As we shall explain, we conclude the superior court lacked jurisdiction to order execution of sentence following appellant's violation of the terms of his probation. We publish to clarify that, regardless of whether the superior court lacks any *further* jurisdiction in the case (a claim the parties

---

[1] All statutory references are to the Penal Code unless otherwise stated.

have not addressed and which, accordingly, we do not reach), the error has the effect of reinstating the original sentence (grant of probation with execution of sentence suspended), because the execution of sentence is void.[2]

## PROCEDURAL HISTORY[3]

On December 31, 2003, an information was filed in Fresno County Superior Court, charging appellant with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1) and driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a); count 2, a misdemeanor). It was further alleged appellant had suffered a prior conviction under the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served four prior prison terms (§ 667.5, subd. (b)).

On March 15, 2004, at the start of trial, appellant pled guilty to count 2 and admitted the special allegations. On March 23, following the declaration of a mistrial after the jury deadlocked on count 1, appellant pled no contest to count 1 on the understanding that the trial court would dismiss the strike allegation and place him on probation. On November 29, 2004, following a delay occasioned by appellant's parole status,[4] the trial court sentenced appellant to prison for three years on count 1 plus an additional year for each prior prison term, for a total term of seven years, but stayed execution of sentence and placed appellant on five years' probation on various terms and conditions.

On December 6, 2004, appellant entered a drug treatment program. He was terminated from the program on December 12. On February 17, 2005, he failed to appear for a scheduled appointment with his probation officer.

On April 22, 2005, appellant was convicted in Los Angeles County Superior Court of possessing methamphetamine, and was sentenced to 16

---

[2] In light of our conclusion, we need not address respondent's further concession that imposition of a probation revocation restitution fine (§ 1202.44) violated the constitutional prohibitions against ex post facto laws (U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9).

[3] The facts of the underlying offense are not pertinent to this appeal.

[4] Appellant was on parole following a Los Angeles County conviction for gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)).

months in prison. On April 26, the supervising deputy probation officer confirmed that appellant was incarcerated in the Los Angeles County jail, pending a parole violation. On June 21, 2005, appellant was committed to prison. He was released on November 18, 2005.

In a special report dated January 26, 2006, the probation officer advised the Fresno County Superior Court of appellant's failure to complete the court-ordered drug treatment program and new prison commitment. The probation officer recommended revocation of probation and issuance of a no-bail bench warrant. The report was filed with the court, and the court followed the recommendation, on February 6. Appellant was arrested on the bench warrant on April 25, and arraigned the next day.

A contested violation-of-probation hearing was held on September 26, 2006. Citing section 1203.2a, appellant, who was representing himself, questioned the court's jurisdiction. He noted that his incarceration had been confirmed by the supervising deputy probation officer on April 26, 2005, and represented that he had sent a letter to his probation officer, informing him that he was in custody and asking to be sentenced in absentia or brought back to Fresno. After the prosecutor presented evidence of appellant's failure to obey all laws, as required as a condition of his probation, appellant again objected on section 1203.2a grounds. The court found him to be in violation of the terms of his probation by virtue of his April 2005 Los Angeles County conviction, and continued the matter for further consideration of the jurisdictional issue.

At the continued hearing on October 23, the probation officer asserted that the probation department had never received a document complying with the requirements of section 1203.2a. Appellant reiterated that the supervising deputy probation officer had confirmed his incarceration, and that appellant had sent a notice to the district attorney. Although the prosecutor represented he had not received any letter written by appellant, he stated that the probation department had provided him with a letter from the Department of Corrections.[5] The letter advised that appellant had been committed to the California Department of Corrections on June 21, 2005; showed the arrest date, offense, length of sentence; gave the case number for which appellant

---

[5] Although we refer, as did the superior court and parties, to the Department of Corrections, the current name is the Department of Corrections and Rehabilitation.

was on probation in Fresno County; and stated, "[W]e are advising you of this inmate's incarceration pursuant to 1203.2a . . . ." The letter was written under the name of a correctional case manager and was signed by a correctional case records analyst.

The court clarified that the letter was written on September 14 and received by the probation department, and that it was that department's position the letter did not comply with section 1203.2a's requirements. The prosecutor took the same position, arguing that the letter did not contain appellant's signature or a statement that he was waiving his right to a formal revocation hearing and counsel. The prosecutor distinguished *In re Hoddinott* (1996) 12 Cal.4th 992 [50 Cal.Rptr.2d 706, 911 P.2d 1381] (*Hoddinott*), which was cited by appellant along with *People v. Holt* (1991) 226 Cal.App.3d 962 [277 Cal.Rptr. 323] (*Holt*), on the ground that Hoddinott's attorney requested imposition of sentence. When the court asked why the Department of Corrections sent notice referencing section 1203.2a, the probation officer explained it was done so the probation department could choose to violate an offender and send a bench warrant, which would preclude that person's release on parole.

Following further discussion, the court found that appellant failed to comply with the requirements of section 1203.2a, and that the Department of Corrections letter was simply a notice received on every probationer, advising the probation department that the person was in prison. The court then denied reinstatement of probation, lifted the stay of what it determined was a six-year, not seven-year, term, and remanded appellant.

Appellant filed a timely notice of appeal. Although he may not have needed it, he also obtained a certificate of probable cause.

## DISCUSSION

■ As has been recognized, section 1203.2a, which is set out in full in the margin, is not a model of clarity.[6] (See *Holt, supra,* 226 Cal.App.3d at

---

[6] Section 1203.2a provides:

"If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her

p. 965.) The statutory requirements differ, to some extent, depending on the procedural posture of the case, i.e., whether imposition of sentence was suspended (sentence has not previously been imposed) or, as here, sentence was imposed but execution thereof was suspended (sentence has previously been imposed). As the California Supreme Court has summarized, "section 1203.2a provides for 3 distinct jurisdictional clocks: (1) the probation officer has 30 days from the receipt of written notice of defendant's subsequent commitment within which to notify the probation-granting court (2d par.);[7] (2) the court has 30 days from the receipt of a valid, formal request from defendant within which to impose sentence, if sentence has not previously been imposed (3d par., 4th sentence); and (3) the court has 60 days from the receipt of notice of the confinement to order execution of sentence (or

---

representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

[7] This requirement applies whether or not sentence has previously been imposed. (*Holt*, *supra*, 226 Cal.App.3d at pp. 965, 967.)

make other final order) if sentence has previously been imposed (3d par., 3d sentence). Failure to comply *with any one of these* three time limits divests the court of any remaining jurisdiction. (5th par.)" (*Hoddinott, supra,* 12 Cal.4th at p. 999, italics added.)

Insofar as is pertinent to appellant's case, section 1203.2a required the probation officer to report appellant's Los Angeles County prison commitment to the Fresno County Superior Court within 30 days after being notified by a prison representative. (§ 1203.2a, 2d par.) Although the letter from the Department of Corrections was not made part of the record, it appears to have been written and sent on or about September 14, 2005. At the very least, it was sent during appellant's commitment to state prison, which lasted from June 21 to November 18, 2005. There is no suggestion the probation officer did not receive it shortly after it was sent. Accordingly, the 30-day "jurisdictional clock" started to run no later than on or about November 18, 2005, and expired no later than on or about December 18 of that year. The petition to revoke probation is dated January 26, 2006, and was filed with the court on February 6. January 26, 2006, is well beyond the 30-day period of notification permitted by the second paragraph of section 1203.2a. As respondent concedes, the record demonstrates no reason to toll that period, even assuming such a tolling would be possible upon a showing of good cause.

■ A probation officer's failure to report a defendant's new commitment to the court within 30 days of notification by a prison representative deprives the court "of all jurisdiction it may have retained in the granting of probation in [the] case." (§ 1203.2a, 5th par.; see *Holt, supra,* 226 Cal.App.3d at p. 967; *Pompi v. Superior Court* (1982) 139 Cal.App.3d 503, 507 [189 Cal.Rptr. 52].) Because loss of jurisdiction is such a severe sanction, however, courts have been unwilling to impose it "unless the sentencing court's jurisdiction has been ousted by strict compliance with the statute. [Citations.]" (*People v. Como* (1975) 49 Cal.App.3d 604, 609 [123 Cal.Rptr. 86].)

■ In the present case, the court, prosecutor, and probation officer erroneously focused on the fact the letter from the Department of Corrections did not contain appellant's signature or statement that he was waiving his rights to a formal revocation hearing and counsel. "[T]he requirement for a properly attested request, and any necessary waiver, applicable to unsentenced defendants under the first paragraph of section 1203.2a did not apply to [appellant] upon whom sentence had been *previously imposed* with execution stayed in conjunction with the grant of probation. [Citations.]" (*Pompi v. Superior Court, supra,* 139 Cal.App.3d at pp. 507–508.) As portrayed by the prosecutor, the letter here contained all of the pertinent information and was

signed by a correctional case records analyst.[8] Thus, there has been strict compliance with the statutory requirements. (Cf. *People v. Hall* (1997) 59 Cal.App.4th 972, 983–984 [69 Cal.Rptr.2d 826] [notice merely stating defendant pled guilty to new violation, or that defendant had been transferred to prison, insufficient; notice must inform court that defendant committed to prison for another offense]; *People v. Como, supra,* 49 Cal.App.3d at p. 609 [notice reporting sentence, but not commitment or confinement, insufficient].) Accordingly, the probation officer's failure to report the Los Angeles County commitment to the court, in accordance with the requirements of the second paragraph of section 1203.2a, divested the Fresno County Superior Court of jurisdiction. (See *Hoddinott, supra,* 12 Cal.4th at p. 1005.)[9]

The purpose of section 1203.2a is "to provide a mechanism by which the probationary court [can] consider imposing a concurrent sentence, and to 'preclude[] inadvertent imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant' when the statutory time limits are not observed. [Citation.]" (*Hoddinott, supra,* 12 Cal.4th at p. 999.) The lack of timely notice here deprived appellant of any chance of obtaining concurrent sentences, as he was released from the prison commitment resulting from his Los Angeles County conviction before sentence was ordered executed in his Fresno County matter. No showing of specific prejudice to appellant is necessary. (*People v. Walsh* (1996) 49 Cal.App.4th 1096, 1106 [57 Cal.Rptr.2d 214].) As our state's high court has observed, "This case thus illustrates the prejudice that can occur when the probation officer does not timely report a confinement. That such prejudice does not occur in every case, or that the statute might be more carefully written so that its jurisdictional requirements would apply only where prejudice would

---

[8] At no time has it been suggested that such person did not constitute a "duly authorized representative" of the warden or prison, as required by section 1203.2a.

[9] Appellant contends the Fresno County Superior Court failed to issue its commitment within the 60-day time limit established by the third paragraph of section 1203.2a. It is true that the court was informed by the probation officer of appellant's prison commitment on February 6, 2006, at the latest, and appellant was not even arrested on the bench warrant until April 25, 2006, more than 60 days later. It appears from the record, however, that appellant's whereabouts were unknown for most, if not all, of that period, despite the fact he was on both probation and parole, and appellant does not claim otherwise. Appellant was arraigned on the probation violation in a timely manner following his arrest, and delays after that were accompanied by time waivers. Were we to consider only the period of time following February 6, 2006, we would be loathe to divest the superior court of jurisdiction, as the delay was attributable to appellant. (See *People v. Perez* (1991) 229 Cal.App.3d 302, 308 [279 Cal.Rptr. 915].) Had the probation officer timely notified the court of appellant's new commitment, however, no uncertainty concerning appellant's whereabouts would have arisen because appellant would have been in prison at the time.

otherwise occur, does not affect our conclusion. It is enough that the statute's plain language clearly imposes a jurisdictional reporting requirement on the probation officer . . . ." (*Hoddinott*, at p. 1005; see *Smith v. Hooey* (1969) 393 U.S. 374, 378 [21 L.Ed.2d 607, 89 S.Ct. 575]; *Barker v. Municipal Court* (1966) 64 Cal.2d 806, 813 [51 Cal.Rptr. 921, 415 P.2d 809].) If indeed the Fresno County Probation Department has been treating the prison commitment notices as having little or no consequence, as suggested by the record on appeal, we strongly recommend it reexamine its practice in this regard.

We turn now to the appropriate remedy. Although the California Supreme Court has held that a probation officer's failure timely to notify the probationary court of the defendant's new commitment results in that court's loss of jurisdiction "to impose sentence on the original offense" (*Hoddinott, supra*, 12 Cal.4th at p. 998), it has done so in the context of a case in which imposition of sentence originally was suspended (*id.* at p. 995). Here, by contrast, sentence originally was imposed, with only execution thereof suspended. When it imposed sentence but suspended execution and placed appellant on probation, the superior court possessed the requisite jurisdiction. It follows that its subsequent divestiture of jurisdiction, pursuant to section 1203.2a, rendered its order directing execution of the previously suspended six-year prison term void, but did not affect the original sentence. That sentence is, in effect, reinstated.

Because the execution of the previously imposed but suspended sentence is void, the six-year term appellant is presently serving as a result of the revocation of his probation must be vacated. (See *Hoddinott, supra*, 12 Cal.4th at p. 994; *People v. Walsh, supra*, 49 Cal.App.4th at p. 1106; *Holt, supra*, 226 Cal.App.3d at pp. 964, 968; *People v. Carr* (1974) 43 Cal.App.3d 441, 446 [117 Cal.Rptr. 714].) Since the parties have not addressed the issue, we decline to determine, at this juncture, what, if any, jurisdiction the superior court retains over appellant with respect to the original terms of the reinstated sentence. (See *In re Walters* (1995) 39 Cal.App.4th 1546, 1560 [47 Cal.Rptr.2d 279], disapproved on other grounds in *Hoddinott, supra*, 12 Cal.4th at p. 1005; *Pompi v. Superior Court, supra*, 139 Cal.App.3d at p. 508.)[10]

---

[10] We urge the Legislature to revisit the procedures envisioned by section 1203.2a. While the purpose of the statute is laudable, in our opinion there would be less occasion for inadvertent error and unintended loss of jurisdiction if, for example, a new prison commitment automatically resulted in a defendant's return to the probation-granting court for imposition or execution of sentence or other appropriate action.

## DISPOSITION

Based on the superior court's loss of jurisdiction in the matter, the order of October 23, 2006, lifting the previously imposed stay of execution on, and executing, appellant's sentence of November 29, 2004, is reversed. The six-year prison term appellant is currently serving as a result of the order of October 23, 2006, is vacated, and the original sentence (suspended execution of sentence and grant of probation) is reinstated.

Vartabedian, J., and Gomes, J., concurred.

A petition for a rehearing was denied October 4, 2007, and appellant's petition for review by the Supreme Court was denied December 12, 2007, S157488. Baxter, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.