Filed 6/18/14  Thomas v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ERIN NICOLE THOMAS, | |
| Petitioner, | E061037 |
| v. | (Super.Ct.No. RIF1303815) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  David A. Gunn, Judge.  Petition granted.

Steven L. Harmon, Public Defender, and William A. Meronek, Deputy Public Defender, for Petitioner

No appearance for Respondent.

1

Paul E. Zellerbach, District Attorney, and Natalie M. Pitre, Deputy District Attorney, for Real Party in Interest.

The court has read and considered the petition for writ of mandate, the record, and the informal response filed by real party in interest, the People. The People agree that petitioner is entitled to relief. In light of this concession, issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

BACKGROUND

On May 9, 2013, in Riverside County, petitioner pleaded guilty to felony possession of a controlled substance. She was placed on probation and ordered to complete a substance abuse program.

On May 18, 2013, she was arrested in San Bernardino County and ultimately pleaded guilty to two felonies, burglary and forgery. She was sentenced to "county prison" for a period of three years eight months.

On September 25, 2013, petitioner filed a request for disposition of probation pursuant to Penal Code section 1203.2a.[1] She requested the court to impose sentence or make any other final order terminating the court's jurisdiction in the Riverside case.

On October 31, 2013, petitioner filed a motion for termination of probation based on the court's failure to impose sentence within 30 days of her request.

---

[1] Statutory references are to the Penal Code, unless otherwise indicated.

2

The People filed opposition, contending that the provisions of 1203.2a did not apply because she was not confined in state prison, but was incarcerated in a county jail facility pursuant to the realignment statutes, section 1170, subdivision (h). Even if petitioner were entitled to relief under 1203.2a, the People asserted that the court was precluded from granting relief because it no longer had jurisdiction over the defendant.

The court found that section 1203.2a did apply to petitioner's situation, but denied the motion, because it found it had lost jurisdiction over the case.

### DISCUSSION

When a defendant released on probation is committed to prison on another offense and requests that he or she be sentenced in the case in which he or she is on probation, the court must either sentence the prisoner or make a final judgment terminating the case. It loses jurisdiction over the case if it fails to act within the proscribed time limits. (§ 1203.2a.)

Section 1203.2a provides for three distinct jurisdictional clocks: (1) the probation officer has 30 days from the receipt of written notice of the defendant's subsequent commitment within which to notify the probation-granting court; (2) the court has 30 days from the receipt of a valid, formal request from the defendant within which to impose sentence, if sentence has not previously been imposed; and (3) the court has 60 days from the receipt of notice of the confinement to order execution of the sentence (or to make another final order) if sentence has previously been imposed. Failure to comply

with any one of these three time limits divests the court of any remaining jurisdiction. (*In re Hoddinott* (1996) 12 Cal.4th 992, 999.)

"The legislative purpose underlying section 1203.2a is to prevent the inadvertent denial of the benefit of concurrent sentencing under Penal Code section 669 and is structured to preclude the mechanical imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant if the court fails to act within 60 days following notification of defendant's confinement." (*Pompi v. Superior Court* (1982) 139 Cal.App.3d 503, 507, fn. omitted.)

In *Hoddinott¸* the Supreme Court held that the probationary court had lost jurisdiction to sentence a probationer when the probation officer did not report the defendant's subsequent state prison commitment within 30 days of receiving the latter's written notice. The result was that the subsequent judgment sentencing the defendant was vacated. (*In re Hoddinott*, *supra*, 12 Cal.4th at pp. 1389-1390.)

In *Pompi*, the court lost jurisdiction due to the probation officer's failure to comply with section 1203.2a and the court granted the defendant's mandate to vacate an order of commitment and directed it to terminate probation. (*Pompi v. Superior Court*, *supra*, 139 Cal.App.3d 503.)

The People agree that petitioner's probation terminated by operation of law because she made a request comporting with the requirements of section 1203.2a and the court failed to impose sentence within the 30-day time limit.

4

We conclude that probation terminated by operation of law on October 25, 2013. Accordingly we grant the petition.

DISPOSITION

Let a peremptory writ of mandate issue acknowledging that in Superior Court of Riverside County case No. RIF1303815, probation terminated by operation of law on October 25, 2013.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

5