Filed 8/29/14  P. v. Ayon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>LILLIAN AYON,<br><br>    Defendant and Appellant. | H039900<br>(Santa Clara County<br>Super. Ct. No. CC066607) |

Defendant Lillian Ayon was placed on probation based on her plea of no contest to a charge of welfare fraud.  On appeal from an order revoking and reinstating probation for the second time, she contends that the court erroneously imposed a "second restitution fine."  We conclude that although the challenged fine is misdescribed in the record it was intended only as a continuation of the fine originally imposed.  We will direct a correction and affirm the judgment as corrected.

### BACKGROUND

A complaint was filed on March 30, 2000, charging defendant and Jose Jesus Ayon with felony welfare fraud (Welf. & Inst. Code, § 10980, subd. (c)(2)) in that they obtained over $400 in food stamps by means of a false statement or fraudulent device. She pled no contest on March 8, 2004.  On March 30, the court placed her on probation

for five years on the conditions, among others, that she pay $6,221 restitution to the defrauded agency and pay a restitution fine of $300.

On December 18, 2008, the court ordered probation revoked and a bench warrant issued for failure to comply with the terms of probation. The probation department reported, as relevant here, that defendant had failed to make timely payments toward victim restitution and her court-ordered fines and fees, including the "State Restitution Fee," on which she owed $200. Defendant was arrested on February 24, 2010, and upon her admission of the violation, was again placed on five years probation as a "new grant."

On June 14, 2011, probation was again revoked and a bench warrant ordered. Defendant was arrested on April 4, 2013. On May 15, she admitted that she had violated probation and was sentenced to 16 months in county jail. She filed this timely appeal.

## DISCUSSION

Defendant contends that the court erred by imposing a new $200 fine on May 15, 2013, after probation was revoked for the second time. Respondent does not deny that it would have been error to impose a new fine, but contends that the $200 fine was the unpaid portion of the $300 fine originally imposed.

At the hearing on May 15, 2013, the court pronounced judgment in pertinent part as follows: "In this matter, court will . . . select the mitigated term of 16 months. [¶] . . . [¶] And court will impose a restitution fund fine previously suspended, $200." The clerk's minutes include an entry reading as follows, with the underlined material inserted, and the struck-through material apparently obliterated, by hand: "Add'l RF $<u>200</u> Susp'd PC1202.~~44~~/45." The abstract of judgment contains the entry, "Restitution fine(s) . . . . $200 per PC 1202.45 suspended unless parole is revoked."

There is no indication that the court intended to impose a fine under either Penal Code section 1202.44 (section 1202.44) or 1202.45 (section 1202.45). Nor does it appear that it could have done so. Section 1202.45 is triggered only when the defendant's

2

sentence carries a term of parole (*id*., subd. (a)) or the defendant is placed on community release (*id*., subd. (b)).  Defendant was not placed on community release, and was not subject to mandatory parole because she did not receive "[a] sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170."  (Pen. Code, § 3000, subd. (a)(1); see *People v. Cruz* (2012) 207 Cal.App.4th 664, 672, fn. 6.)  The court could not have imposed a fine under section 1202.44 because that statute, which calls for imposition of the fine "at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4," had not yet been enacted in March 2004, when the court sentenced defendant and imposed a fine under the latter provision.  (See Stats.2004, ch. 223, § 3.)[1]

In its oral pronouncement of judgment the court described the fine as "a restitution fund fine previously suspended."  This description is most consistent with a probation revocation fine, previously imposed but conditioned on revocation of probation, as provided in section 1202.44.  As noted, however, the court had not (and could not have) imposed such a fine.  What it had imposed was a fine under Penal Code section 1202.4 (section 1202.4), which provides for an unconditional "restitution fine."  At the time of the judgment now under review, $200 of the original $300 fine apparently remained unpaid.  It is this fine that the court apparently meant to impose.  The clerk, however, was understandably confused about the matter, resulting in a misdescription in the abstract of judgment.

---

[1] Because of this analysis it is unnecessary to decide whether imposition of a fine under section 1202.44 or 1202.45 would offend the constitutional ban on ex post facto laws.  (See U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9; *People v. Murray* (2007) 155 Cal.App.4th 149, 152, fn .2 [not reaching question with respect to 1202.44]; *People v. Cruz, supra*, 207 Cal.App.4th at p. 672, fn. 8, citing *People v. Flores* (2009) 176 Cal.App.4th 1171, 1181-1182 ["imposition of a parole revocation restitution fine pursuant to section 1202.45 is viewed as punitive for ex post facto purposes"].)

**DISPOSITION**

The trial court is directed to modify the abstract of judgment by striking the $200 fine under Penal Code section 1202.45 and inserting in its place a $200 fine under Penal Code section 1202.4.  As so modified, the judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.