Filed 1/14/22  P. v. Dearing CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C093458 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CR003857) |
| v. | |
| SHAWN BRIAN DEARING, | |
| Defendant and Appellant. | |

Defendant Shawn Brian Dearing was sentenced in Tehama County to four years in prison for assault with a deadly weapon.  The trial court suspended execution of the sentence and placed defendant on five years' probation.  While on probation, defendant was sentenced in Butte County to prison for evading an officer.  He was jailed in Butte County while awaiting transfer to state prison on the Butte County conviction.  Due to the pandemic, however, defendant was never transferred to prison.  During his confinement

1

in Butte County, defendant made several requests to resolve his probation case in Tehama County, eventually moving to terminate the Tehama County court's jurisdiction under Penal Code section 1203.2a.[1]  The Tehama County trial court denied the request and executed the previously suspended sentence.  On appeal, defendant contends the trial court lost jurisdiction to execute the suspended sentence.  We disagree and will affirm.

BACKGROUND

Defendant stabbed Jose M. in the arm with a kitchen knife.  He was charged in Tehama County with assault with a deadly weapon (§ 245, subd. (a)(1)) and it was alleged defendant had a prior serious or violent felony conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  Defendant pleaded no contest to the charge.  On February 5, 2019, the trial court imposed the upper term sentence of four years in prison but suspended execution of the sentence for five years under a grant of probation.

On February 26, 2020, defendant entered a plea in Butte County to evading a peace officer with a willful or wanton disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)) and was sentenced to three years in prison on May 13, 2020.  Defendant's abstract of judgment from Butte County has the box checked for "PRISON COMMITMENT."

On November 19, 2020, defendant moved in Tehama County under section 1203.2a to terminate the court's jurisdiction; the motion was denied.  On December 21, 2020, relying on section 1203.2a, the Tehama County court imposed the previously suspended four-year sentence, made this the principal term, and ran the three-year term imposed in Butte County concurrently.

---

[1]     Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

Defendant contends the trial court lost jurisdiction under section 1203.2a because it did not sentence him within 60 days of being notified of his Butte County conviction. The People counter that section 1203.2a was not strictly followed by defendant, hence the trial court was not divested of jurisdiction. We agree with the People.

### I

### *Legal Standards*

This case turns on an interpretation of section 1203.2a, which is not "a model of clarity." (*In re Hoddinott* (1996) 12 Cal.4th 992, 1003, fn. 7 (*Hoddinott*); *People v. Holt* (1991) 226 Cal.App.3d 962, 965 ["It is an unenviable chore to consider section 1203.2a. The statute reflects a disregard for careful drafting and contempt for the English language"].) The provision governs the procedures for when a defendant has been granted probation in one case then subsequently is "committed to a prison in this state or another state for another offense." (§ 1203.2a.)[2]

---

[2] Section 1203.2a provides: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

3

Embedded within section 1203.2a are three "distinct jurisdictional clocks: (1) the probation officer has 30 days from the receipt of written notice [from defendant] of defendant's subsequent commitment within which to notify the probation-granting court (2d par.); (2) the court has 30 days from the receipt of a valid, formal request from defendant within which to impose sentence, if sentence has not previously been imposed (3d par., 4th sentence); and (3) the court has 60 days from the receipt of notice of the

_____

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

4

confinement to order execution of sentence (or make other final order) if sentence has previously been imposed (3d par., 3d sentence). Failure to comply with any one of these three time limits divests the court of any remaining jurisdiction. (5th par.)" (*Hoddinott, supra*, 12 Cal.4th at p. 999.)

The purpose of section 1203.2a is to "to prevent the inadvertent denial of the benefit of concurrent sentencing under [ ] section 669 and is structured to preclude the mechanical imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant if the court fails to act within 60 days following notification of defendant's confinement." (*Pompi v. Superior Court* (1982) 139 Cal.App.3d 503, 507, fn. omitted (*Pompi*).) "Because loss of jurisdiction is such a severe sanction, however, courts have been unwilling to impose it 'unless the sentencing court's jurisdiction has been ousted by strict compliance with the statute. [Citations.]' [Citation.]" (*People v. Murray* (2007) 155 Cal.App.4th 149, 156.)

II

*Additional Facts*

On June 4, 2020, defendant sent a letter to the Tehama County District Attorney (not the probation office) to request "under section 1203.2(a)" that the prosecutor accept his admission to a probation violation in the Tehama County case and have that term be one year consecutive to his Butte County sentence, or alternatively, to run them concurrently. The letter came with a form notice of demand for trial or disposition under section 1381. Both the letter and form reference his Butte County conviction.

On May 27, 2020, the Tehama County Superior Court issued an order for production of prisoner to the Butte County Jail to produce defendant for a July 6 hearing. On July 1, 2020, the Tehama County Sheriff's Office filed a letter with the Tehama County Superior Court stating defendant was "unavailable for pickup for his court date on July 6, 2020. He has been sentenced to state prison, and BUTTE COUNTY JAIL will not release him on the order of production due to his pending delivery to state prison."

5

At the July 6 hearing, for which defendant was absent, the trial court said, "I think what you need to do or what I assume the People are going to do is submit another order of production probably a couple weeks down the road, once he is transferred; but I don't know if CDCR is actually taking people," implying it had been impacted by the COVID-19 pandemic. The trial court discussed possible next steps with the parties, telling defense counsel, "[T]o the extent that they are not going to deliver [defendant] because he has the state prison commitment, . . . if you want to talk to [defendant] and when you talk about, you know, the benefit that he could have if he had concurrent sentencing or something like that, if you have something from him that says he is going to waive his appearance pursuant to—I can't remember the section—it gets done within 30 days. [¶] . . . He makes that demand and if he does that then the Court will sentence him accordingly and then he'll get the benefit." The trial court ultimately left it up to the parties to decide whether the People wanted to submit another order of production or whether defendant would ask to be sentenced immediately on the probation violation.

On July 10, 2020, defendant filed a petition for writ of habeas corpus in Tehama County. Defendant stated the petition's grounds for relief were: "1381/1382, Time Credits (1/3 time CDCR) MCRP Eligibility without Hold. (Timed Out in Butte Case) (Teh[a]ma 'Hold') pc 1203.2(a)." Defendant explained that he was "in limbo" because there had been a custodial hold in Tehama County since October 9, 2019, and he could not be transferred to prison from the Butte County Jail because of the COVID-19 pandemic. He asked to be moved to Tehama County Jail so the hold could be resolved or he could be moved to a residential program, "or 1203.2(a)." On July 14, 2020, the trial court ordered the petition transferred to Butte County because "[i]t appears that [defendant] is being held in the Butte County Jail on a Butte County Superior Court case that he has been sentenced on." The trial court's order included a footnote that, to its "knowledge, no request pursuant to Penal Code Section 1203.2a has been made by [defendant]."

In defendant's November 19 motion to terminate the trial court's jurisdiction, he noted he was still in Butte County Jail awaiting transport to prison. The People responded they made a good faith effort to adhere to section 1203.2a, but defendant could not be transferred for a hearing due to the pandemic.

On November 30, 2020, the trial court denied defendant's motion for three reasons. First, it found there would be good cause for the denial of the motion based on the "emergency orders issued by the chief justice." Second, defendant failed to specifically ask for relief under section 1203.2a, instead basing his habeas corpus petition on sections 1381 and 1382. The trial court said that "nowhere in [the habeas petition] does [defendant] ask for 1203.2(a) relief, which is simply I want to be sentenced and that is ultimately the gist of 1203.2(a)." The trial court cited cases in which the moving defendant was clearly requesting relief under section 1203.2a, so the "clock was running" in these cases. Finally, the trial court found that defendant had not yet been transferred to prison, so "technically 1203.2(a) would not even apply because he hadn't been transferred or committed." The trial court then scheduled the section 1203.2a hearing and defense counsel said he would get defendant's waiver for his presence at the hearing.

At the December 21, 2020 sentencing hearing, the trial court noted that defendant already had served most of the term for the Butte County offense, with defense counsel confirming defendant would time out on December 28, 2020.

III

*Section 1203.2a's Application to Defendant*

We first must determine whether defendant was "committed to a prison." The statute otherwise will not apply, and this was one reason for the trial court's denial of defendant's motion and a position the People advance on appeal.

Courts historically found that " '[t]he Legislature specifically refrained from extending the operation of section 1203.2a to probationers who are sentenced to a county jail for a subsequent offense.' " (*People v. Madrigal* (2000) 77 Cal.App.4th 1050, 1054.)

7

However, the Legislature modified sentencing guidelines to permit service of felony sentences to be in county jails under 2011 realignment legislation. (*People v. Mendoza* (2015) 241 Cal.App.4th 764, 786.) Indeed, defendants sentenced to serve prison time in a county jail under realignment are still considered to be "committed to a prison" for purposes of section 1203.2a: "It is not the building in which the sentence is being served (state prison versus county jail) that matters, it is the service of a felony sentence with the opportunity to serve multiple sentences concurrently." (*Mendoza, supra*, at p. 794.)

Here, defendant's Butte County commitment was for state prison, which the abstract of judgment made clear when the "PRISON COMMITMENT" box was checked after he was sentenced to three years in prison on May 13, 2020. Although defendant had not yet been transported to prison as of December 2020 because of the pandemic and CDCR's delay in accepting new prisoners, he still was serving a felony prison sentence even if he was physically located in a jail awaiting transfer. It would thwart the purpose of the statute to indefinitely pause the clock and deny a defendant the benefit of section 1203.2a based solely on a delay in transfer that is out of his control. We therefore conclude defendant had been committed to prison for "another offense" for purposes of the statute.

IV

*The Trial Court Did Not Lose Jurisdiction*

Having determined that section 1203.2a applies to defendant, we now ask whether any of the statutory deadlines were missed, thereby divesting the trial court of jurisdiction. Two provisions of section 1203.2a are potentially relevant—the requirement that the probation officer notify the probation—granting court within 30 days after being notified in writing by the defendant of his imprisonment, and the requirement that the trial court issue its commitment or make some other final order terminating jurisdiction within 60 days of being notified of defendant's confinement.

8

As an initial matter, we note that in denying defendant's petition for habeas corpus, the trial court found that defendant had not made a request under section 1203.2a. It similarly denied defendant's motion to terminate jurisdiction in part because defendant failed to specifically ask for relief under section 1203.2a. "[N]owhere in here or in there does he ask for 1203.2(a) relief." However, defendant was not required to provide a formal waiver or request for sentence to be imposed because sentence already had been imposed. (*Pompi, supra*, 139 Cal.App.3d at p. 507 ["the requirement for a properly attested request, and any necessary waiver, applicable to unsentenced defendants under the first paragraph of [ ] section 1203.2a did not apply to petitioner upon whom sentence had been *previously imposed* with execution stayed in conjunction with the grant of probation"].) The People agree that the "operative terms of section 1203.2a are triggered by notice of a defendant's confinement in prison, not by any formal request by a defendant."

Notwithstanding the trial court's erroneous reasoning, defendant still is not entitled to relief because appellate review " 'is confined to the correctness or incorrectness of the trial court's ruling, not the reasons for its ruling.' " (*People v. Baker* (2008) 164 Cal.App.4th 1152, 1156.) " ' "A decision right in result will not be reversed even though the reason stated is wrong." ' [Citations.]" (*People v. Singh* (1995) 37 Cal.App.4th 1343, 1381.)

As noted, two deadlines could apply here because the trial court imposed and suspended a four-year prison term in Tehama County.

The first deadline, requiring the probation officer to notify the trial court within 30 days, is triggered upon receipt of a written request from "defendant or his or her counsel, or the warden or duly authorized representative of the prison in which defendant is confined." (§ 1203.2a, 2d par.) There is no evidence in the record the probation officer received notice from defendant or a prison official. Defendant mistakenly wrote a letter

9

to the *district attorney* asking for relief under section 1203.2a, rather than writing to the probation office.

The second deadline, requiring the trial court to execute sentence within 60 days, is triggered by the trial court "being informed *by the probation officer* of the defendant's confinement, or upon receipt *from the warden or duly authorized representative of any prison* . . . showing that the defendant is confined in prison." (§ 1203.2a, 3d par., 1st sentence, italics added.) Again, here there is no evidence in the record the trial court received notice from either the probation officer or a prison official. Defendant's arguments to the contrary rest on a misreading of the statute.

The trial court did eventually gain actual knowledge of defendant's commitment. At the July 6 hearing, after noting defendant "has the state prison commitment" from Butte County, it concluded it could not do anything unless defendant "waive[d] his appearance pursuant to—I can't remember the section—it gets done within 30 days." The court must have meant section 1203.2a. One week later, the trial court reiterated this knowledge when it denied defendant's habeas corpus petition, stating it knew defendant had been sentenced in Butte County "on a Butte County Superior Court case." From this there can be no question the trial court was somehow "notified of the confinement."

We are then left with the question: Can a trial court's actual knowledge start the clock on the 60-day jurisdictional deadline? We conclude it cannot.

Courts, in applying section 1203.2a, have routinely emphasized, "in the absence of a defendant's strict compliance with the statutory requirements, no ouster of jurisdiction will result." (*Pompi, supra*, 139 Cal.App.3d at p. 507.) The beginning of paragraph three in section 1203.2a makes it clear that the trial court's 60-day deadline is triggered only on notification from either the probation officer or a prison official: "Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison . . . ." Although the statute later states

10

that the trial court has "60 days after being notified of the confinement" to act, with no source qualification (§ 1203.2a, 3d par., 3d sentence), this must be read in conjunction with the opening sentence of the paragraph. (*People v. Arias* (2008) 45 Cal.4th 169, 180 [" 'a construction that renders a word surplusage should be avoided' "].) The purpose for this narrow notification provision is not readily clear from the text of the statute, but we need not grasp the Legislature's reasoning to apply the plain language. (Cf. *Hoddinott, supra*, 12 Cal.4th at p. 1002 [" ' "[i]n construing the statutory provisions a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language" ' "].)

Defendant emphasizes that his petition for habeas corpus adequately notified the trial court. But defendant is neither the probation officer nor a prison official, thus the statutory deadlines were not triggered. This conclusion is consistent with *People v. Hall* (1997) 59 Cal.App.4th 972. In that case, there were several possible incidences of notification to the trial court that granted probation, but none of them adhered to the statutory requirements. Similar to this case, one was a motion the defendant filed to dismiss his case under section 1381 that indicated he was imprisoned in a state prison. (*Hall, supra*, at p. 978.) The trial court found this insufficient because, "[t]o qualify under paragraph three of section 1203.2a, the notice must be from the probation officer or from the warden or other duly authorized representative of any prison. There is no provision for notice from a defendant to the court." (*Hall*, at p. 984.) The court also cited numerous cases that "have been unwilling to apply [section 1203.2a] unless the sentencing court's jurisdiction has been ousted by strict compliance with the statute." (*Hall*, at p. 981 [citing cases].) So too here, defendant's direct notification to the trial court is insufficient to start the 60-day clock.

On the record before us, we conclude that neither potentially applicable deadline was exceeded.

DISPOSITION

The judgment is affirmed.

      KRAUSE     , J.

We concur:

      RAYE     , P. J.

      HULL     , J.