Filed 10/10/23  P. v. Gutierrez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>EZEQUIEL JOSEPH GUTIERREZ,<br><br>Defendant and Respondent. | H050168<br>(Santa Clara County<br>Super. Ct. No. C1807638) |

The People appeal the order granting Ezequiel Joseph Gutierrez's motion to dismiss probation violations alleged against him.  For the reasons stated here, we will affirm the order dismissing the probation violations and remand the matter for further appropriate action as to Gutierrez's probation.

## I.  PROCEDURAL BACKGROUND

Gutierrez pleaded no contest to charges of robbery (Pen. Code § 212.5, subd. (c)) and carrying a loaded firearm in a vehicle (Pen. Code § 25850, subd. (c)(1)).  He also admitted to personally using a firearm in connection with the robbery (Pen. Code § 12022.5, subd. (a)), and to serving a prior prison term for evading a peace officer (Pen. Code § 667.5, subd. (b)).  (We omit the facts of the offenses as they are not relevant to the analysis and disposition of the appeal.)

In August 2019, the trial court suspended execution of a six-year sentence and placed Gutierrez on probation for three years, including conditions to obey all laws and to

serve 364 days in jail. Gutierrez's probation was revoked the following month and reinstated in December 2019. Probation was again revoked in February 2020.

In September 2021, the probation department filed a memorandum notifying the court that Gutierrez had been convicted of a new felony offense in San Joaquin County and as of April 2021was serving a 32-month prison term in that case. The memorandum alleged additional violations, including a July 2021 misdemeanor conviction in Alameda County, and the failure to comply with probation department reporting requirements. Gutierrez's case was calendared the next day for arraignment on the probation violations alleged. Gutierrez did not appear because he was in prison, and a bench warrant issued.

In December 2021, Gutierrez made a demand to the Santa Clara County District Attorney under Penal Code section 1381 for speedy trial of the violations alleged in this case. The form notice stated that Gutierrez was incarcerated at the California Correctional Institution in Tehachapi. The district attorney obtained an order to produce Gutierrez, but on February 18, 2022, the Sheriff's Transportation Unit informed the district attorney that Gutierrez had been transferred to California State Prison, Solano. That same day, the district attorney sent a letter to Gutierrez at the Solano prison instructing him to make a new demand in light of the transfer. Gutierrez sent a new Penal Code section 1381 notice and demand from the Solano prison, which the district attorney received on March 15, 2022.

The district attorney again obtained an order to produce Gutierrez and on May 6, 2022, Gutierrez appeared in the trial court and moved orally to dismiss the probation violations. At a further hearing one week later, Gutierrez argued for dismissal of the probation violations based on the district attorney's failure to act on the speedy trial request within 90 days of the first demand. The district attorney countered that it had complied with the statute and that Gutierrez's initial demand became invalid when he was moved to different prison facility.

2

The trial court granted the motion to dismiss the probation violations on the basis that the 90-day period to commence trial after receipt of the initial Penal Code section 1381 demand had lapsed. The trial court noted that while it was not the fault of the prosecution that Gutierrez had been transferred, the burden "should not be on Mr. Gutierrez," so "in fairness to the defendant[,] that is the ruling." The ruling was limited to Penal Code section 1381, and neither the court nor the parties addressed the applicability of any other provision, including Penal Code section 1203.2a.

## II. DISCUSSION

Penal Code section 1381 states in relevant part that "[w]henever a defendant has been convicted, in any court of this state, of the commission of a felony ... and has been sentenced to and has entered upon a term of imprisonment in a state prison," and if "there is pending, in any court of this state, any other indictment, information, complaint, *or any criminal proceeding wherein the defendant remains to be sentenced*, the district attorney of the county in which the matters are pending shall bring the defendant to trial or for sentencing within 90 days" after the defendant "deliver[s] to said district attorney written notice" demanding compliance with this provision. (Pen. Code § 1381, italics added. Undesignated statutory references are to this code.) In this case, the trial court had imposed but suspended execution of Gutierrez's sentence. As both parties acknowledge, section 1381 does not apply to a probation violation proceeding in which the defendant was previously sentenced to a specific term and execution of that sentence has been suspended. (*People v. Smith* (2019) 35 Cal.App.5th 399, 403 ["the plain text of section 1381 dictates that its protections apply only when a defendant 'remains to be sentenced' " and a defendant is "sentenced" when a judgment imposing punishment is pronounced even if execution of the sentence is suspended.)

Although the trial court was incorrect to dismiss the probation violations under section 1381, dismissal was nonetheless required on the alternative basis advanced by Gutierrez for the first time in response to the People's appeal, namely section 1203.2a.

3

Gutierrez notes that the probation department memorandum notifying the court of his confinement for a new offense triggered a 60-day jurisdictional clock under section 1203.2a, such that the court lost jurisdiction over the alleged violation several months before the dismissal order at issue.  The People agree that the court had lost jurisdiction over the probation violations, and the parties further agree that the case should be remanded to reinstate probation.

Section 1203.2a "permits a defendant, who has been released on probation and thereafter committed to prison for another offense, to request the trial court that granted probation to revoke probation and order execution of sentence."  (*People v. Hall* (1997) 59 Cal.App.4th 972, 979–980 (*Hall*).)  "[S]ection 1203.2a was intended to provide a mechanism by which the probationary court could consider imposing a concurrent sentence, and to 'preclude[] inadvertent imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant' when the statutory time limits are not observed."  (*In re Hoddinott* (1996) 12 Cal.4th 992, 999, quoting *In re White* (1969) 1 Cal.3d 207, 211.)  Section 1203.2a "provides for 3 distinct jurisdictional clocks:  (1) the probation officer has 30 days from the receipt of written notice of defendant's subsequent commitment within which to notify the probation-granting court…; (2) the court has 30 days from the receipt of a valid, formal request from defendant within which to impose sentence, if sentence has not previously been imposed…; and (3) the court has 60 days from the receipt of notice of the confinement to order execution of sentence (or make other final order) if sentence has previously been imposed… .  Failure to comply with any one of these three time limits divests the court of any remaining jurisdiction." (*Hoddinott,* at p. 999.)

Section 1203.2a's third jurisdictional clock is relevant here.  It provides that "[u]pon being informed by the probation officer of the defendant's confinement … the court shall issue its commitment if sentence has previously been imposed... .  If the case is one in which sentence has previously been imposed, the court shall be deprived of

4

jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement." (§ 1203.2a.) Section 1203.2a's third jurisdictional clock has been applied where, as here, execution of sentence has been suspended and the defendant placed on probation. (See, e.g., *In re Mancillas* (2016) 2 Cal.App.5th 896, 899, 910 (*Mancillas*).)

In this case, the probation department memorandum informing the trial court that Gutierrez had been convicted of a new felony offense in San Joaquin County for which he was serving a 32-month prison term was filed in the trial court on September 29, 2021, triggering the 60-day jurisdictional clock. The 60-day period therefore began to run on September 29, 2021 and it expired in November 2021, nearly six months before the trial court's May 13, 2022 order. Because the trial court failed to "issue its commitment" within 60 days of receiving notice from the probation department that Gutierrez was confined in state prison for another offense, the trial court had lost jurisdiction to rule upon the violations alleged. (§ 1203.2a.) On that basis, we will affirm the order granting the motion to dismiss, as we may affirm a ruling on appeal if it is correct " ' "upon any theory of the law applicable to the case." ' " (*People v. Zapien* (1993) 4 Cal.4th 929, 976, quoting *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19.)

*People v. Murray* (2007) 155 Cal.App.4th 149, 158–159 held that where a probationary period has not expired at the time an appellate court vacates an order entered in violation of section 1203.2a, the appropriate remedy is to reinstate probation. In *Mancillas* by contrast, because the probationary period had expired by the time of the ruling on a habeas petition, we determined that probation could not be reinstated. (*Mancillas*, *supra*, 2 Cal.App.5th at p. 911.) It appears from the record that Gutierrez's probation has been in revoked status, and that the period of probation has not yet expired. We will allow the trial court to make that calculation on remand.

5

### III. DISPOSITION

The May 13, 2022 order dismissing the probation violation action filed on September 29, 2021 is affirmed. The matter is remanded for the trial court to calculate any remaining period of probation under current law, and to take further action it deems appropriate regarding reinstatement of probation.

_____

Grover, J.

WE CONCUR:


_____

Greenwood, P. J.


_____

Bromberg, J.


**H050168**
***People v Gutierrez***